BOWEN, Presiding Judge.
This is an appeal from the denial of a pro se petition for writ of error coram nobis. Boatwright alleges (1) that he was denied the effective assistance of counsel at trial and upon the appeal of his conviction for trafficking in marijuana, (2) that his trial counsel had a conflict of interest and (3) that he did not knowingly and intelligently waive his right to trial by jury. The trial judge granted the State’s motion to dismiss and denied the petition without an eviden-tiary hearing.
Petitioner was represented in the trial court by Louis Wilkinson and Rowan Bone (who stood in when Wilkinson was absent); on appeal by Virginia Vinson before the Court of Criminal Appeals; and by Thomas Goggans and Michael Mclnnish before the Alabama Supreme Court. This Court affirmed Boatwright’s conviction without published opinion in Boatwright v. State, 438 So.2d 769 (Ala.Cr.App.1983.)
The trial transcript reveals that Boat-wright was caught with nine pounds of marijuana in his automobile. On July 31, 1982, Narcotics Investigator B.J. Alexander of the Gadsden Police Department received a tip from a reliable and confidential informant that Boatwright would be on Hines Road in the next few minutes with *1256 “quite a bit of marijuana.” Officer Alexander had arrested Boatwright in the past and knew that Boatwright had a reputation for dealing in controlled substances.
Approximately 30 minutes after receiving the informant’s tip, Officer Alexander arrived on Hines Road after picking up Lieutenant Owens at City Hall. The officers observed Boatwright driving his car on Hines Road and they began to follow him. Boatwright pulled over and the officers pulled up beside him. While seated inside his car, Officer Alexander said, “Hey, Merrill, have you got any dope on you?” Boatwright replied, “I might have a joint or two. Are you going to arrest me for that?” Alexander answered, “I don’t know. Can I look in your car?” With Boatwright’s permission, Alexander searched his car but found nothing. Only when Alexander went to search the trunk did Boatwright object. Officer Alexander testified:
“I looked in the glove compartment, under the seat and in the seat and in the general area where he could reach. And I got the keys. I don’t know if they were in the switch or if he had them. I don’t remember that. I walked around and stuck the keys in the trunk and he said, ‘Don’t open that trunk.’ And I said, ‘Why?’ And he said, ‘Let’s talk first.’ And we just had conversation about what he wanted to talk about. We had our suspicion that he probably had something in the trunk. We asked about, are you setting somebody up. He said he didn’t know anybody big or didn’t know anybody in Miami or something like that. And we talked a few minutes and the Lieutenant said, ‘Merrill, have you got anything in your trunk?’ And he said, ‘Yeah’. He said, ‘What?’ And he said, ‘Marijuana’. The Lieutenant said, ‘How much?’ Merrill said, ‘About nine pounds’. The Lieutenant said, ‘Open it’. So I opened the trunk and it was in the trunk.”
Approximately nine pounds of marijuana were discovered in the trunk. A report from the Department of Forensic Science showing that the substance was in excess of 2.2 pounds of marijuana was admitted without objection and defense counsel stipulated to the chain of custody.
Officer Alexander was the only witness to testify. Boatwright presented no defense. The trial judge sentenced him to nine years’ imprisonment and fined him $25,000.00 “based on the fact of your prior record, your prior association with dealings with controlled substances.”
Prior to trial, a hearing was held on the motion to suppress filed by Boatwright’s retained counsel.
Boatwright cannot blame his conviction on the alleged incompetence of his attorneys. His own statements convicted him. The fact that his attorneys were not sorcerers with magical powers or legal alchemists with the ability to transform guilt into innocence is only an indication that his attorneys were not divine, but no indication of any incompetence. McKinnis v. State, 392 So.2d 1266 (Ala.Cr.App.1980), cert. denied, Ex parte McKinnis, 392 So.2d 1270 (Ala.1981).
Even if the allegations of the complaint were true, counsel’s conduct did not so undermine the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result, or that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, — U.S. -, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In this case, we cannot imagine anything defense counsel could have done to change the result.
Boatwright should have raised the allegations contained in his petition on direct appeal. He had different counsel at trial and on appeal and there is not even the allegation that these issues could not have been raised at that time. A writ of error coram nobis is appropriate only when the claim is based on facts the petitioner did not know and could not have discovered at the time of trial. If the information could have been discovered in time to pre *1257 vent the original conviction “with the exercise of reasonable diligence”, the petitioner cannot use the remedy of coram nobis. Thigpen v. State, 374 So.2d 401 (Ala.Cr.App.), cert. denied, Ex parte Thigpen, 374 So.2d 406 (Ala.1979); Senn v. State, 43 Ala.App. 323, 189 So.2d 870 (1966).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.