This Court granted certiorari to determine whether the Court of Criminal Appeals, 471 So.2d 1255, was correct in affirming the trial court's denial of an evidentiary hearing to the petitioner on his petition for a writ of error coram nobis. We reverse and remand.
Originally, petitioner was convicted in Etowah County for trafficking in marijuana, sentenced to nine years' penal servitude, and fined $25,000. The Court of Criminal Appeals affirmed his conviction without opinion, and this Court denied certiorari.
Boatwright later petitioned the trial court for a writ of error coram nobis, alleging three separate grounds for relief: (1) that he was denied the effective assistance of counsel in violation of Article I, § 6, of the Alabama Constitution of 1901, and the Sixth and Fourteenth Amendments of the United States Constitution: (2) that his trial counsel had a conflict of interest in the case and did not fairly represent the petitioner, so that petitioner did not receive a *Page 1258 
fair trial as constitutionally guaranteed; and (3) that his waiver of a trial by jury was not knowingly, intelligently, and voluntarily made, because he lacked competent assistance of counsel and because he was unaware of the consequences of his stipulation to the admission of marijuana into evidence.
In support of the first ground, petitioner alleged that his trial counsel failed to appear at certain hearings, leaving petitioner "without counsel well versed in the case." He also averred that his trial counsel was representing another defendant on a drug charge at the same time, and that his trial counsel made statements to this other defendant indicating a prejudice toward petitioner's defense. Petitioner made other allegations of his trial counsel's improper conduct, namely, waiving a jury trial and stipulating to the admission of marijuana into evidence.
On the second ground, petitioner supported his allegations with the affidavit of one Glen Sexton, another defendant charged with a drug offense, who stated therein:
 "My attorney [also petitioner's attorney] advised me during the time I was on trial and under charges of Possession of a Controlled Substance, that the district attorney of Marshall County had told him that he would trade me for that red-headed S.O.B. from Etowah County (Merrill Boatwright). I was led to believe by [my attorney, who was also petitioner's attorney] that if I testified that the drugs I had belonged to Mr. Boatwright, that the charges against me would be dropped. [My attorney] also represented Mr. Boatwright at the same time."
Petitioner further alleged that witnesses were available to support his allegations and to testify to facts which were inconsistent with the judgment. Petitioner requested an evidentiary hearing.
The district attorney moved to dismiss the petition, alleging nine separate grounds. The trial court dismissed the petition without a hearing. A motion to reconsider was also denied.
Petitioner appealed the dismissal to the Court of Criminal Appeals, which affirmed with an opinion. That opinion reviewed the evidence of petitioner's trial on the drug charged and concluded:
 "Boatwright cannot blame his conviction on the alleged incompetence of his attorneys. His own statements convicted him. . . ."
The Court of Criminal Appeals also concluded that underStrickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984), counsel's conduct did not so affect the adversarial process as to produce an unjust result. "In this case," the court added, "we cannot imagine anything defense counsel could have done to change the result." The Court of Criminal Appeals also concluded that petitioner should have raised this petition's allegations on direct appeal.
Boatwright filed a lengthy Rule 39 (k), A.R.A.P., statement of facts in his application to the Court of Criminal Appeals for a rehearing. That court denied rehearing without an opinion.
The basis of Boatwright's petition to this Court is that the opinion of the Court of Criminal Appeals conflicts with prior decisions of that court. Specifically, Boatwright argues that his petition is meritorious upon its face and that, therefore, under the authorities he was entitled to an evidentiary hearing in the trial court prior to a decision upon its merits.
It is clear from the decisions of the Court of Criminal Appeals that an evidentiary hearing must be held on a coram nobis petition which is meritorious on its face, i.e., one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief. See, for example, Populus v. State, 51 Ala. App. 166,283 So.2d 617 (1973) (observing that since the State never joined issue on the petition and no hearing was held on the merits, the petition was meritorious on its face and required a hearing); Henry v. State, 387 So.2d 328 (Ala.Crim.App. *Page 1259 
1980) (petition was meritorious on its face and thus a hearing was required); Ellison v. State, 406 So.2d 439 (Ala.Crim.App. 1981) (allegations of ineffective assistance of counsel, if true, entitled petitioner to relief; thus petition was meritorious on its face and a hearing thereon was required);Kennedy v. State, 409 So.2d 1010 (Ala.Crim.App. 1982) (directing evidentiary hearing as to petition meritorious on its face); Chapman v. State, 416 So.2d 759 (Ala.Crim.App. 1982) (allegations that counsel was denied, that State used perjured testimony, and that petitioner was not advised of right to appeal or right to transcript, required evidentiary hearing on coram nobis petition); David v. State, 416 So.2d 778
(Ala.Crim.App. 1982) (allegations of ineffective assistance of counsel, specifically, failing to present alibi witnesses and failing to subpoena witnesses, required evidentiary hearing on coram nobis petition); Smith v. State, 416 So.2d 792
(Ala.Crim.App. 1982) (allegation of denial of effective assistance of counsel required hearing on merits of coram nobis petition); Watson v. State, 451 So.2d 373 (Ala.Crim.App. 1984) (petition containing specific charges of ineffective assistance of counsel required evidentiary hearing). See also 63 Ala. Digest Criminal Law, § 997.16 (4).
In this case, it is clear that under the specific allegations of the sworn petition relating to assistance of counsel, the petitioner would be entitled to relief if those allegations were true. Thus, under the cited authorities, his petition was meritorious and he was entitled to an evidentiary hearing. Indeed, the State of Alabama never joined issue upon the factual allegations of the petition; the State only moved to dismiss. The effect of the opinion of the Court of Criminal Appeals was to have that court join issue under the petition and to decide the merits of the petition for the first time by appellate review. With deference to that distinguished court, nevertheless, such action was erroneous.
Under the authorities, and without our ruling upon the merits of the allegations of the petition, the judgment of the Court of Criminal Appeals is reversed and this cause is remanded to that court with directions to remand the cause to the trial court for an evidentiary hearing on the matters contained in the petition. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur specially.