TYSON, Judge.
Willie James Thomas appeals from the denial by the circuit court of his petition for writ of error coram nobis without conducting a hearing thereon.
Thomas was originally convicted of robbery in the first degree and sentenced to life imprisonment under the Habitual Felony Offender Act. That conviction was appealed and affirmed by this court on January 31, 1984, Thomas v. State, 447 So.2d 203 (Ala.Crim.App.1984).
Thomas filed his petition for writ of error coram nobis in the trial court asserting several grounds wherein he contends the original trial and conviction should be set aside. Among those grounds were (1) that his original counsel was inadequate and ineffective as a matter of law; (2) that original counsel failed to call certain witnesses and ask for a continuance to allow certain witnesses to be present for trial (3) that counsel failed to allow the appellant to take the stand and challenge the validity and voluntariness of an alleged statement given to the police; (4) that he failed to make proper and timely objections to certain evidence at trial and failed to file a motion for new trial. The appellant also challenges the legal work of his attorney on appeal. This was different counsel from the attorney who represented him at trial.
I
Because the trial court failed to conduct a hearing on the merits of the allegations raised in the coram nobis petition filed in circuit court, this court must reverse and remand this cause for a hearing in circuit court on the merits of the allegations made. Counsel should be appointed to represent the appellant and be given an opportunity to investigate, challenge and raise such matters as may be necessary. This action is required by Boatwright v. State, 471 So.2d 1257 (Ala.1985) and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
For the reasons herein stated, this cause is hereby reversed and remanded for a hearing in circuit court.
REVERSED AND REMANDED.
All the Judges concur.