TYSON, Judge.
Leander Lee Johnson appeals from the denial by the circuit court of his petition for writ of error coram nobis without conducting an evidentiary hearing thereon.
Leander Lee Johnson was originally charged, tried and convicted of robbery and sentenced to 20 years’ imprisonment on May 15, 1973 in Jefferson Circuit Court, No. CC 24476. This cause was appealed to this court and affirmed in 1975 without opinion. Thereafter, the appellant appeared in open court in Jefferson County, No. CC 24475, entered a plea of guilty and was adjudged guilty of armed robbery and sentenced to 10 years as punishment in this cause with the sentence to run concurrently with case No. 24476.
In April, 1977 the appellant was charged with the offense of robbery, appeared at a jury trial, was found guilty and sentenced by the court to a term of 40 years’ imprisonment on April 20, 1977 in Jefferson Circuit Court, No. CC 76-01785.
The appellant also appeared in open court in Jefferson County, CC 76-1784, and on May 23, 1977 entered a guilty plea to a charge of assaulting a police officer with a deadly weapon and was sentenced to ten years’ imprisonment. The minute entry or judgment entry reflects that this sentence was to run concurrently with sentences imposed in Jefferson Circuit Court Nos. CC 76-01800 and CC 76-01799.
The record provided this court on appeal from the denial of the coram nobis proceeding does not contain the arraignments and minute entries in these last two cases just above noted.
Nevertheless, the appellant has filed a coram nobis petition seeking to challenge his convictions in all of the above cases asserting the following grounds:
(1)that on the cases that were tried in open court he was ineffectively and inadequately represented by counsel;
(2) that counsel in each case wherein he was tried failed to subpoena and call certain witnesses which were requested by him;
(3) that counsel failed to properly investigate these cases and to consult with him;
(4) that as to the cases in which pleas of guilty were entered he was not properly advised of his constitutional rights under Boykin v. Alabama, nor was he advised as to the maximum and minimum punishments under law.
Appellant also argues that the time which he is serving under these various sentences has not been properly calculated and there is no answer in this record by the State of Alabama indicating the manner in which the appellant is presently serving his sentences or which sentence he is, in fact, serving.
Subsequent to the denial of this petition by the Circuit Court, the Supreme Court entered its opinion in Boatwright v. State, 471 So.2d 1257 (Ala.1985) requiring a hearing on petitions, such as the petition in the case at bar, wherein allegations as to the ineffective assistance of counsel are made. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
More recently the Supreme Court of the United States has indicated that, even though a plea of guilty was entered in a prior proceeding, such, nevertheless, requires a hearing thereon wherein the allegations are made as to the ineffective representation of counsel. See Hill v. Lockkart, 470 U.S. 1049, 105 S.Ct. 1745, 84 L.Ed.2d 811 (1985).
Pursuant to the foregoing authorities, this cause is reversed and remanded for a hearing with counsel to be appointed to represent this appellant; counsel should be given an opportunity to investigate, challenge and assert such matters as may be necessary to an orderly hearing and determination of this petition.
For the reasons herein stated, this cause is hereby reversed and remanded to circuit court.
REVERSED AND REMANDED.
*1091 BOWEN, P.J., and McMILLAN, JJ., concur. TAYLOR and
PATTERSON, J., dissents.