501 So.2d 483 (1986)
Ex parte Willie CLISBY, Jr.
(Re Willie Clisby, Jr. v. State).
85-434.
Supreme Court of Alabama.
December 12, 1986.
Rehearing Denied January 23, 1987.
Dissenting Opinion January 30, 1987.
*484 Cathy S. Wright, Tony G. Miller, and Deborah J. Long of Maynard, Cooper, Frierson & Gale, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and John Gibbs, Asst. Atty. Gen., for respondent.
HOUSTON, Justice.
We granted certiorari to determine whether Willie Clisby, Jr., is entitled to an evidentiary hearing in the trial court on his petition for a writ of error coram nobis. The Court of Criminal Appeals upheld the judgment of the trial court, which dismissed the petition without an evidentiary hearing. Clisby v. State, 501 So.2d 480 (Ala.Crim.App.1985). We affirm.
Clisby filed a petition for a writ of error coram nobis in the Circuit Court of Jefferson County, seeking to set aside his initial conviction and death sentence. For a history of this case, see Clisby v. State, 456 So.2d 86 (Ala.Crim.App.1982), as ultimately affirmed, Ex parte Clisby, 456 So.2d 105 (Ala.1984), cert. denied, 470 U.S. 1009, 105 S.Ct. 1372, 84 L.Ed.2d 391 (1985). We have carefully examined the petition, as well as the state's response in opposition to it. All but one of the issues raised in the petition are not cognizable in a coram nobis proceeding, because they were either dealt with on direct appeal or could have been raised at trial or on direct appeal and were not. It is not the office of a writ of error coram nobis to serve as a substitute for an appeal. Ex parte Ellison, 410 So.2d 130 (Ala.1982).
The one issue raised in the petition which is cognizable in a coram nobis proceeding is Clisby's claim of ineffective assistance of counsel. Ex parte Boatwright, 471 So.2d 1257 (Ala.1985); Ex parte Poole, 485 So.2d 1087 (Ala.1986). That claim appears in the petition as follows:
"The Petitioner, at trial, sentencing and on appeal, did not receive reasonably *485 effective assistance of counsel and did not receive a fair trial as a result thereof. The surrounding circumstances of the trial and sentencing proceedings made it unlikely that the Petitioner could have received the effective assistance of counsel. Certain actions by the State through its district attorney, circuit judge, and law enforcement officialseffectively prevented the trial counsel from adequately assisting the Petitioner at critical stages in the proceedings. The Petitioner was thereby constructively denied the assistance of counsel.
"Counsel for Petitioner at trial, sentencing and on appeal was constitutionally ineffective in his overall representation of the Petitioner and, in addition, was ineffective as a result of specific errors and omissions. The errors and omissions were not the result of strategic decisions on the part of counsel. The deficiencies in the representation of Petitioner at trial, sentencing and on appeal were prejudicial to his defense and it is reasonably likely that the results at the trial, sentencing and/or appeal would have been different absent those deficiencies. In any event, they so undermined the proper functioning of the adversarial process that the trial and sentencing proceeding cannot be relied on as having produced a just result.
"Nonetheless, the specifics of the ineffective representation of counsel claim at trial, sentencing and on appeal include, but are not limited to:
"A. The inability to properly cross-examine witnesses of the State on the critical evidence relating to the questions of Petitioner's mental condition at the time of the crime and relating to the issue of mitigating circumstances. Such crossexamination could not be conducted without... psychiatric assistance.
"B. The absence of effective testimony on behalf of Petitioner in mitigation at the sentencing hearing.
"C. The absence of psychological or psychiatric testimony on behalf of petitioner in mitigation at the sentencing hearing.
"D. The absence of testimony or evidence presented at trial to show a pattern and practice of the exclusion of black citizens from jury panels by the District Attorney in criminal cases in which the Defendant is black.
"E. In the event that the State of Alabama is successful in collateral proceedings with its arguments made thus far in the petition for certiorari to the United States Supreme Court that the Petitioner has, under Alabama law, `waived' certain issues by not properly presenting them at trial, sentencing or on appeal, then trial counsel was ineffective in not adequately presenting and preserving those issues. The state apparently maintains that such `waivers' were made in relation to certain claims made in this Petitionsimilar to claims still pending in the collateral state proceedingin paragraphs 13 through 77."
Relying on Ex parte Boatwright, supra, Clisby maintains that he is entitled to an evidentiary hearing on his allegations of ineffective assistance of counsel. We disagree.
In Boatwright, the Court stated:
"It is clear from the decisions of the Court of Criminal Appeals that an evidentiary hearing must be held on a coram nobis petition which is meritorious on its face, i.e., one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief....
"In this case, it is clear that under the specific allegations of the sworn petition relating to assistance of counsel, the petitioner would be entitled to relief if those allegations were true. Thus, under the cited authorities, his petition was meritorious and he was entitled to an evidentiary hearing.... (Emphasis added.)
The Court in Boatwright recognized and applied the well established rule that a petition for a writ of error coram nobis must contain more than mere naked allegations that a constitutional right has been *486 denied. Thomas v. State, 274 Ala. 531, 150 So.2d 387 (1963).
A petition for a writ of error coram nobis is "meritorious on its face" only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts), Thomas v. State, supra; Ex parte Phillips, 276 Ala. 282, 161 So.2d 485 (1964); Stephens v. State, 420 So.2d 826 (Ala.Crim.App.1982), sufficient to show that the petitioner is entitled to relief if those facts are true.
In Boatwright, the petitioner stated three separate grounds for relief, all of which concerned ineffective assistance of counsel: (1) that he was denied the effective assistance of counsel in violation of Article I, § 6, of the Alabama Constitution of 1901, and the Sixth and Fourteenth Amendments to the United States Constitution; (2) that his trial counsel had a conflict of interest in the case and did not fairly represent him, so that he was denied a fair trial; and (3) that his waiver of a jury trial was not knowingly, intelligently, and voluntarily made, because he lacked competent assistance of counsel and because he was unaware of the consequences of his stipulation to the admission of marijuana into evidence. In support of these grounds, Boatwright stated that his trial counsel failed to appear at certain hearings, waived a jury trial, and stipulated to the admission of marijuana into evidence. He also stated that his trial counsel was representing another defendant on a drug charge at the same time, and that his trial counsel made statements to this other defendant indicating a prejudice toward his (Boatwright's) defense. This allegation was supported with the affidavit of another defendant charged with a drug offense, who stated therein:
"My attorney [also petitioner's attorney] advised me during the time I was in trial and under charges of Possession of a Controlled Substance, that the district attorney of Marshall County had told him that he would trade me for that red-headed S.O.B. from Etowah County (Merrill Boatwright). I was led to believe by [my attorney, who was also petitioner's attorney] that if I testified that the drugs I had belonged to Mr. Boatwright, that the charges against me would be dropped. [My attorney] also represented Mr. Boatwright at the same time." 471 So. at 1258.
As can readily be seen, the facts set out in Boatwright's petition were, if proven, sufficiently specific to show that the petition was meritorious on its face (i.e., that Boatwright was entitled to relief). In contrast, the first two paragraphs of Clisby's ineffective assistance claim contain nothing more than naked allegations that he was denied a constitutional right. The remainder of the claim contains five general statements concerning ineffective assistance of counsel that are insufficient to invoke the right to an evidentiary hearing in the trial court. The first four of these statements refer only to the general nature of certain specific facts which Clisby apparently contends he can prove at an evidentiary hearing (i.e., A. inability to properly cross-examine witnesses, B. absence of effective testimony at the sentencing hearing, C. absence of psychological or psychiatric testimony at the sentencing hearing, and D. absence of testimony or other evidence tending to show an exclusion of blacks from jury panels in Jefferson County in criminal cases in which the defendant is black) and the effect of those facts (i.e., ineffective assistance of counsel).
In the last statement (E.) Clisby alleges that his counsel was ineffective because he failed to raise certain issues on direct appeal. Those issues appear elsewhere in the petition and, although we stated earlier in this opinion that they are ordinarily not subject to review in this kind of proceeding, if sufficiently pleaded they would have to be considered for purposes of the ineffective assistance claim in order to determine whether counsel was constitutionally ineffective in not raising them on direct appeal. In Strickland v. Washington, 466 U.S. *487 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court announced the two-part test for determining when counsel's performance is constitutionally ineffective:
"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."
466 U.S. at 687, 104 S.Ct. at 2064.
After a thorough review, we hold that the petition in the present case is not "meritorious on its face," because it is not sufficient on its face to enable the trial court to determine whether the petitioner is entitled to any relief. As to each issue that he maintains his counsel should have raised on direct appeal, Clisby failed to provide a full, clear, and specific statement of the facts relied upon (i.e., those facts necessary to show that had the issue been raised and fully considered on direct appeal, a reversal of the conviction or death sentence would have been required at that time). In other words, Clisby failed to show on the face of the petition that he was entitled to relief under the Strickland test. Mere conclusions of law with regard to the merits of certain issues not raised on direct appeal are not sufficient to invoke the right to an evidentiary hearing on the question of counsel's failure to raise those issues.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MADDOX, JONES, BEATTY, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., and SHORES, J., not sitting.

ON APPLICATION FOR REHEARING
HOUSTON, Justice.
APPLICATION OVERRULED.
TORBERT, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
JONES, ALMON and BEATTY, JJ., dissent.
SHORES, J., not sitting.
BEATTY, Justice (dissenting).
I must respectfully dissent from the majority's denial of the petitioner's application for rehearing.
The petitioner argues that, contrary to our decision, his petition for writ of error coram nobis was "meritorious on its face," as required by Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). All that is required by this standard is that the petition contain matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief. 471 So.2d at 1258.
In his petition, Clisby alleges, among other things, the following:
"The Petitioner, at trial, sentencing and on appeal, did not receive reasonably effective assistance of counsel and did not receive a fair trial as a result thereof.
"....
"[T]he specifics of the ineffective representation of counsel claim at trial, sentencing and on appeal include, but are not limited to:
"A. The inability to properly crossexamine witnesses of the state on the critical evidence relating to questions of petitioner's mental condition at the time of the crime and relating to the *488 issue of mitigating circumstances. Such cross-examination could not be conducted without ... psychiatric assistance.
"....
"C. The absence of psychological and psychiatric testimony on behalf of petitioner in mitigation at the sentencing hearing."
How could this, on its face, be made any more meritorious? Obviously, what the petitioner is alleging is that, because he was denied the assistance of a psychiatrist at trial, he was unable to effectively (1) crossexamine witnesses of the state on the critical evidence relating to the question of his mental condition at the time of the crime, and (2) present psychiatric testimony on his behalf in mitigation at the sentencing hearing. If these allegations are true, he would be entitled to relief.
In Ake v. Oklahoma, 470 U.S. 68, at 83, 105 S.Ct. 1087, at 1097, 84 L.Ed.2d 53 (1985), the United States Supreme Court held that:
"[W]hen a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense. That is not to say, of course, that the indigent defendant has a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own. Our concern is that the indigent defendant have access to a competent psychiatrist for the purpose we have discussed, and as in the case of the provision of counsel we leave to the State the decision on how to implement this right."
In the present case, the petitioner's sanity at the time of the alleged offense was put in issue. See Ex parte Clisby, 456 So.2d 105 (Ala.1984) (an earlier appeal in this same case). Therefore, accepting the allegations of the petition as true, the petitioner has been deprived of his right to a fair trial because of this denial of psychiatric assistance. The assistance of counsel provided to the petitioner was ineffective because of the denial of psychiatric assistance. Thus, he has clearly raised a constitutional question concerning his claim of ineffective assistance of counsel.
By requiring the petitioner to do more than simply allege a facially valid ground in his petition for writ of error coram nobis, the majority has confused the separate, and until now, distinct, burden which must be met in order to get, on the one hand, an evidentiary hearing on such a petition with that burden which, on the other hand, must be met at such an evidentiary hearing.
I would grant rehearing and withdraw the original opinion in this case. Clisby is entitled to a hearing on his petition for writ of error coram nobis.
JONES and ALMON, JJ., concur.