BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief pursuant to Rule 20, Temp.A.R.Cr.P., in which the petitioner attacks his 1987 guilty plea conviction for first degree robbery on the ground of ineffective assistance of counsel. The petitioner’s conviction was affirmed without opinion, Rembert v. State, 515 So.2d 159 (Ala.Cr.App.1987).
The petitioner, who was sentenced to twenty years’ imprisonment, alleges that his counsel was ineffective because counsel advised him that he would receive a ten-year sentence pursuant to a plea bargain agreement if he pleaded guilty, that counsel failed to conduct any pretrial investigation, and failed to adequately consult with the petitioner.
In response, the district attorney alleged that the petition should be dismissed because it was not sufficiently specific and failed to state a claim cognizable under Rule 20. The State also alleged that “no material issue of fact or law exists which would entitle the Petitioner to relief ... and no purpose would be served by any further proceedings.”
The circuit court dismissed the petition, finding “that no material issue of act or law exists which would entitle the Petitioner to relief under Rule 20, ... [and] that no purpose would be served by any further proceedings.”
“[A]n evidentiary hearing must be held on a ... petition which is meritorious on its face, i.e. one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief.” Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985). Here, the facts set out in the petition are not sufficiently specific or adequate to show that the petitioner is entitled to relief. Ex parte Clisby, 501 So.2d 483, 486 (Ala.1986).
A defendant challenging his guilty plea on the ground of ineffective assistance of counsel must demonstrate that “counsel’s representation fell below an objective standard of reasonableness,” Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), and *784 that, but for counsel s errors, he would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
Here, the petition was properly dismissed because the petition contains no allegation of prejudice. See also Ex parte Lawley, 512 So.2d 1370 (Ala.1987). The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.