TAYLOR, Judge.
Jeffery Lynn Pugh was convicted of first degree robbery in 1983 in Mobile County and was sentenced to 20 years’ imprisonment. His Rule 20, Ala.Temp.R.Crim.P., motion for post-conviction relief was denied by the circuit court without a hearing. He contends that his claims were meritorious on their face. The essence of Pugh’s contention is that he had a lawyer who was to pursue his appeal and that the lawyer dismissed it without his knowledge. In Ex parte Boatwright, 471 So.2d 1257 (Ala.1985), our Supreme Court stated that “an evidentiary hearing must be held on a cor-am nobis petition which is meritorious on its face, i.e., one which contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief.” The allegation that petitioner was denied his right to appeal is a cognizable ground for a coram nobis petition. In Woodruff v. State, 462 So.2d 1062 (Ala.Cr.App.1985), we stated that “[i]t is now established that a cognizable ground for a coram nobis petition is the allegation that the petitioner, through no fault of his own, was denied his right to a direct appeal of his conviction.”
The state, in its brief, without conceding anything, candidly states that if we took appellant’s claims as true then his petition would have merit and would entitle him to a hearing. There is nothing in the record to cause us to think that the allegations are untrue. The answer filed by the state does not contradict the allegations. Accordingly this case is due to be remanded for the circuit court to afford the petitioner an evidentiary hearing on his petitions.
REMANDED WITH. DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Presiding Judge.
It appearing that the circuit court, after a hearing, has granted an out-of-time ap *127 peal, this appeal is therefore moot. It is hereby dismissed.
APPEAL DISMISSED.
All the Judges concur.