McMILLAN, Judge.
The appellant was convicted of assault in the first degree and was sentenced as a habitual offender to life imprisonment. The trial court’s judgment was affirmed by this Court in an unpublished memorandum. 595 So.2d 920. Thereafter, the appellant filed a petition under Rule 32, A.R.Cr.P., alleging ineffective assistance of trial and appellate counsel and improper sentencing. The district attorney moved for a summary dismissal, which was granted by the trial court pursuant to Rule 32.7(d), A.R.Cr.P.
The appellant contends that the summary dismissal was in error because, he says, his petition was meritorious on its face. The appellant claimed that his trial counsel was ineffective for (1) failing to challenge an allegedly defective warrant, (2) failing to challenge the use of an allegedly invalid prior conviction to enhance his sentence, and (3) failing to preserve the issue of the trial court’s alleged error in declaring two witnesses hostile. The appellant also claimed that his appellate counsel failed to raise the issue of an allegedly defective warrant on appeal. The State agrees that the appellant was entitled to an evidentiary hearing on the issue of ineffective assistance of counsel and asks us to remand the ease for further proceedings on that issue. Because the petition alleges facts concerning the ineffective assistance of counsel, which, if proven, would entitle the appellant to relief, he should have been granted an evidentiary hearing on that claim. See Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985).
Therefore, this cause is remanded to the trial court, with instructions to conduct an evidentiary hearing on the appellant’s ineffective-assistance-of-counsel claim. The findings of the trial court should be returned to this Court within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.