BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Jimmy Junior Gray, challenges his 1989 conviction for robbery in the first degree. That conviction was affirmed on direct ap *1052 peal. Gray v. State, 568 So.2d 381 (Ala.Cr.App.1990).
The petition alleges the denial of effective assistance of trial counsel. The district attorney’s response does not challenge the merits of the petition. The petition was denied “pursuant to Rule 32.2(a)(2)(3)(4 & 5), A.R.Crim.P.” C.R. 2. The grounds for denying the petition were that the issue either was raised or could have been raised at trial or on appeal. The record does not support a denial based on those grounds.
The appellant was represented both at trial and on appeal by the same attorney. The allegation of ineffective assistance of trial counsel was not raised on appeal.
A claim of ineffective assistance of counsel can be raised in a petition for post-conviction relief. Ex parte Rivers,. 597 So.2d 1308, 1310 (Ala.1991). Here, the petition is meritorious on its face i.e., it contains matters and allegations which, if true, entitle the petitioner to relief. Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985).
In Ex parte Williams, [Ms. 1901143, July 17, 1992], 1992 WL 164954 (Ala.1992), the Alabama Supreme Court stated:
“Williams’s remaining claims were based on allegations of ineffective assistance of trial and appellate counsel and newly discovered evidence, which he says shows that he was wrongly convicted. It does not appear from the face of these claims that they are barred by Rule 20.
“However, the State asserts that the trial judge could have based its dismissal on his own knowledge of the case, garnered while presiding at trial. Indeed, the Court of Criminal Appeals has so held. McConico v. State, 522 So.2d 331 (Ala.Cr.App.1988). However, there is nothing before us to indicate that the trial judge did draw on his own knowledge in this case. The trial judge did not state the facts or matters underlying the dismissal. Moreover, we cannot find, from what is before us for review, any matter that would indicate a valid basis for the trial court’s dismissal on these claims.
“The State concludes, without elaboration or citation to any appellate record or filing in this case, that these claims either were or should have been brought up in a previous proceeding; the court’s order of dismissal states no facts supporting such a conclusion, and the order does not offer this conclusion.
“We conclude that the claims relating to effective assistance of counsel and newly discovered evidence were not expressly barred by Rule 20.
‘Where such claims appear meritorious on the face of the petition, the court must conduct an evidentiary hearing. See Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985). A petition is meritorious on its face if ‘it contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief.’ Id.
“Here, Williams has made detailed claims relating to ineffective assistance of counsel and newly discovered evidence that, he says, show that he was wrongly convicted. The State did not take issue with the facts alleged by Williams, but responded to his claims by filing a motion to dismiss, arguing that the claims were barred under Rule 20.
“The factual allegations underlying these claims must be reviewed by this Court as true, because they are not refuted by the State. Glover v. State, 531 So.2d 705 (Ala.Cr.App.1988).”
Here, the circuit judge who denied the petition did not preside over the appellant’s trial and could not have based his denial of the appellant’s petition on his own knowledge.
Therefore, this cause is remanded to the circuit court with directions that that court appoint counsel to represent the appellant and that the court conduct an evidentiary hearing at which the appellant’s allegations of ineffective assistance of counsel are addressed. At the conclusion of that hearing, the circuit court “shall make specific findings of fact relating to each material issue of fact presented,” as required by Rule 32.9(d). A return to remand consisting of the transcript *1053 of the hearing and the circuit court’s findings of fact shall be filed in this Court within 120 days from the date of this opinion. On remand, the circuit court shall grant the appellant whatever relief, if any, is appropriate.
REMANDED WITH DIRECTIONS. 
All Judges concur!