BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The petitioner, Tony Williams, challenges his 1992 conviction for murder. That conviction was affirmed by unpublished memorandum on direct appeal. See Williams v. State, 618 So.2d 153 (Ala.Cr.App.1993) (Table). The petitioner alleges that trial counsel was ineffective because he failed to call certain key witnesses, and that appellate counsel was ineffective because he failed to raise certain issues on appeal. The district attorney filed a motion to dismiss, asserting that relief was procedurally barred. The circuit court granted that motion and dismissed the petition without a hearing.
“A claim of ineffective assistance of counsel can be raised in a petition for post-conviction relief. Ex parte Rivers, 597 So.2d 1308, 1310 (Ala.1991). Here, the petition is meritorious on its face, i.e., it contains matters and allegations which, if true, entitle the petitioner to relief. Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985).”
Gray v. State, 634 So.2d 1051 (Ala.Cr.App. 1993).
This cause is remanded to the circuit court with directions that that court conduct an evidentiary hearing at which the appellant’s allegations of ineffective assistance of counsel are addressed. As an alternative to an evi-dentiary hearing, the circuit court may take evidence by affidavits, written interrogatories, or depositions as provided in Rule 32.9(a), A.R.Crim.P. The circuit court then “shall make specific findings of fact relating to each material issue of fact presented,” as required by Rule 32.9(d). A return to remand consisting of the transcript of the hearing (or record of the alternative procedure) and the circuit court’s findings of fact shall be filed in this Court within 120 days from the date of this opinion. On remand, the circuit court is authorized to grant the appellant whatever relief, if any, is appropriate.
REMANDED WITH DIRECTIONS.
All Judges concur.