BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Robert Dale Long, challenges his 1991 conviction for sodomy in the first degree. That conviction was affirmed on direct appeal. Long v. State, 611 So.2d 443 (Ala.Cr.App.1992).
The case action summary contained in the record reflects the following:
February 28, 1998: “On 2/26/93 Defendant filed a Rule 32 A.R.Crim.P. proceeding and a Forma Pauperis Declaration. Permission to pro[ceed in] forma pauperis is granted. The petition cheeks the blanks A9 — Denial of effective assistance of counsel and E — Newly discovered evidence. The only information furnished on either ground is an affidavit by a fellow inmate that defendant ‘had nothing whatsoever to do with Sodomy w/m [T.S.].’ No attempt is made to comply with Rule 32.6(b) or the clear instructions on the form. Petition denied.”
[Month cannot be determined] 16, 1993: “Pro se defendant has filed a raft of papers, unstyled, which start out saying something about a ‘motion to appeal.’ If said papers are anything, they are a request for post-conviction relief. Clerk ordered to return papers to defendant for filing of correct forms under Rule 32 A.R.Crim.P.”
June 22, 1993: “Defendant has now filed a Rule 32 petition. In it (paragraph 13) he denies previously filing a Rule 32 petition. Such a petition appears in the file, filed 2/26/93 and which was denied by this court on 2/28/93. No statement is given why the grounds now raised were not known or could not [have been] raised on the previous petition. Defendant is granted 30 days in which to supply the same. Clerk to notify defendant.”
March 23, 199k: “Defendant has filed another Rule 32 A.R.Crim.P. proceeding and a request to proceed in forma pauperis. Leave to proceed in forma pauperis is granted. The court has carefully examined the petition and supporting documents and concludes that defendant is not entitled to the relief sought. Petition denied.”
C.R. 4, 6, 8.
In the petition filed March 22, 1994, the appellant alleged the following grounds:
1) The trial court erred in failing to instruct the jury on the appellant’s right against self-incrimination;
2) The trial court erred in refusing to instruct the jury on assault in the third degree as a lesser included offense;
3) Newly discovered evidence existed in that, two months after the appellant’s trial, a codefendant (James Ray Miller) pleaded guilty to the same crime, and the charge against a third codefendant (James T. Moore) was dismissed based on an affidavit of codefendant Miller;
4) The grand jury and/or the petit jury was unconstitutionally selected;
5) His 25-year sentence violated the Eighth Amendment and should be reduced; and
6) Both trial counsel and appellate counsel were ineffective.
The State did not respond to the petition. The circuit court denied the petition without an evidentiary hearing because the appellant *98 was “not entitled to the relief sought.” C.R. 8.
Had the circuit court denied the petition because the appellant did not take advantage of the opportunity to amend the June 22, 1993, petition given him by the circuit court, this Court would not hesitate to affirm the denial of that petition. “Generally, parties acting pro se should be treated as parties represented by counsel are treated.... In particular, pro se litigants ‘must comply with legal procedure and court rules.’ ” Boros v. Baxley, 621 So.2d 240, 243-44 (Ala.), cert. denied, — U.S. —, 114 S.Ct. 563, 126 L.Ed.2d 463 (1993). Nevertheless, because the circuit court ruled on the merits of the appellant’s March 22, 1994, petition, we feel compelled to do likewise. See Ex parte Williams, 571 So.2d 987, 988-89 (Ala.1990) holding that an appellate court may not affirm on a procedural basis a trial court’s erroneous ruling on a substantive issue.
Relief on grounds 1, 2, 4, and 5 of the June 22 petition is precluded because these issues could have been but were not raised at trial and on direct appeal of the conviction. Rules 32.2(a)(3) and (5), A.R.Crim.P. We note that the appellant’s sentence is within the authorized statutory range of punishment.
However, the appellant’s claim of ineffective assistance of counsel, in which he identified specific acts and omissions that he alleges constitute ineffective assistance, is meritorious on its face. Therefore, the appellant is entitled to an evidentiary hearing on his allegations of ineffective assistance of counsel.
“The appellant was entitled to an eviden-tiary hearing because the petition was meritorious on its face and the district attorney did not dispute the merits of the appellant’s claim of ineffective assistance of counsel.
“ ‘A claim of ineffective assistance of counsel can be raised in a petition for post-conviction relief. Ex parte Rivers, 597 So.2d 1308, 1310 (Ala.1991). Here, the petition is meritorious on its face i.e., it contains matters and allegations which, if true, entitle the petitioner to relief. Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985).
“ ‘In Ex parte Williams, [Ms. 1901143, July 17, 1992] 1992 WL 164954 (Ala. 1992), the Alabama Supreme Court stated:
[[Image here]]
“ ‘ “Where such claims appear meritorious on the face of the petition, the court must conduct an evidentiary hearing. See Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985). A petition is meritorious on its face if ‘it contains matters and allegations (such as ineffective assistance of counsel) which, if true, entitle the petitioner to relief.’ Id.
“ ‘ “Here, Williams has made detailed claims relating to ineffective assistance of counsel and newly discovered evidence that, he says, show that he was wrongly convicted. The State did not take issue with the facts alleged by Williams, but responded to his claims by filing a motion to dismiss, arguing that the claims were barred under Rule 20.
“ ‘ “The factual allegations underlying these claims must be reviewed by this Court as true, because they are not refuted by the State. Glover v. State, 531 So.2d 705 (Ala.Cr.App.1988).” ’
“Gray v. State, [634 So.2d 1051, 1052] (Ala.Cr.App.1993).”
Garrett v. State, 644 So.2d 977 (Ala.Cr.App.1994).
We note that trial counsel refused to file a brief on direct appeal of the appellant’s conviction, necessitating an order of this Court remanding the cause to the trial court for the appointment of new appellate counsel. See Mylar v. Alabama, 671 F.2d 1299, 1302 (11th Cir.1982), cert. denied, 463 U.S. 1229, 103 S.Ct. 3570, 77 L.Ed.2d 1411 (1983) (“the failure to file a brief in a nonfrivolous appeal falls below the standard of competency expected and required of counsel in criminal cases and therefore constitutes ineffective assistance” of counsel) (footnote omitted). See also Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
*99 Jurisdiction of this cause is transferred to the circuit court with directions that that court set aside its order denying the petition for post-conviction relief and conduct an evi-dentiary hearing at which the appellant’s allegations of ineffective assistance of counsel are addressed. At the conclusion of that hearing, the circuit court “shall make specific findings of fact relating to each material issue of fact presented,” as required by Rule 32.9(d) and shall grant the appellant whatever relief, if any, is appropriate.
Because we have ordered that the denial of the appellant’s petition for post-conviction relief be set aside, and because the appellant may appeal any subsequent denial of that petition, this appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.