COBB, Judge.
The appellant, Richard Maurice Ingrain, appeals the circuit court’s summary denial of his Rule 32, AIa.R.Crim.P., petition for postconviction relief, in which he attacked his March 17, 2003, conviction for murder and his resulting sentence of life imprisonment as a habitual felony offender. This Court affirmed Ingram’s conviction and sentence on direct appeal in an unpublished memorandum issued on May 21, 2004. Ingram v. State (CR-02-1415), 919 So.2d 1235 (Ala.Crim.App.2004) (table). The Alabama Supreme Court denied cer-tiorari review, and this Court issued a certificate of judgment on September 20, 2004.
Ingram filed the present Rule 32 petition on April 22, 2005, claiming:
(1) That his counsel was ineffective at trial and on appeal for a number of reasons;
(2) That he was entitled to a new trial because of alleged prosecutorial misconduct;
(3) That he was entitled to a new trial based on newly discovered evidence;
(4) That his conviction and sentence should be vacated and a judgment of acquittal entered because, he claimed, several plausible theories existed that were inconsistent with his guilt; and
(5) That the trial court should reconsider its decision to admit, under the excited-utterance exception to the hearsay rule, evidence indicating that the victim had identified Ingram as the shooter shortly after the shooting.
After receiving a response from the State, the circuit court summarily denied the petition in a written order issued on July 29, 2005. This appeal followed.
Ingram argues on appeal that the circuit court erred in summarily denying his petition and, further, that the circuit court erred in not providing specific findings of facts as to Ingram’s claims.
I.
 With regard to claim (2) set out above, Ingram contends that the prosecutor in closing remarks improperly referred to the victim’s statements naming Ingram as the shooter as a “dying declaration.” According to Ingram, the trial court had ruled that the statements were not admissible under the dying-declaration exception to the prohibition against hearsay evidence but had instead allowed the testimony under a separate exception to the hearsay rule. This claim is barred by Rules 32.2(3) and (5), because it could have been, but was not, raised at trial and on appeal. Moreover, we note that although the trial court ruled that the statements were not admissible under the dying-declaration exception, the trial court ruled that the evidence was admissible under the excited-utterance exception, and, therefore, the statements themselves were in evidence at the time the prosecutor referenced them during closing remarks. Therefore, summary denial as to this claim was proper.
II.
With regard to claim (3) set out above, Ingram alleges as newly discovered evidence that he has discovered two witnesses whose testimony he contends would prove his innocence.
Newly discovered evidence is a ground for seeking postconviction relief from a conviction or sentence. To gain postconviction relief on newly discovered evidence, a petitioner must show:
“(1) The facts relied upon were not known by the petitioner or the petitioner’s counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, or in time to *1154 be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;
“(2) The facts are not merely cumulative to other facts that were known;
“(3) The facts do not merely amount to impeachment evidence;
“(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
“(5) The facts establish that the petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that the petitioner received.”
Rule 32.1(e), Ala.R.Crim.P.
Rule 32.3, Ala.R.Crim.P., states that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Rule 32.6(b), Ala.R.Crim.P., states that “[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
“An evidentiary hearing on a [Rule 32] petition is required only if the petition is ‘meritorious on its face.’ Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). A petition is ‘meritorious on its face’ only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. Ex parte Boatwright, supra; Ex parte Clisby, 501 So.2d 483 (Ala.1986).”
Moore v. State, 502 So.2d 819, 820 (Ala.1986).
A.
Ingram contends that he had been shot by the victim and two members of the victim’s family a year before the victim’s death. Ingram claims that he recently discovered a witness who would testify that he saw the victim and two members of the victim’s family shoot Ingram five times in the victim’s front yard; according to Ingram, this testimony would provide the motive for the victim and the victim’s sister to attempt to frame Ingram by having the victim’s sister create what was supposed to have been a non-life-threatening injury to the victim by shooting the victim in the leg so he could blame Ingram.
Ingram’s allegations do not meet the specificity requirements of Rule 32.6(b), Ala.R.Crim.P., and the pleading requirements of Rule 32.3, Ala.R.Crim.P., to establish that this evidence constituted newly discovered evidence as set forth in Rule 32.1(e). Therefore, the circuit court properly denied this claim without an evidentia-ry hearing.
B.
Ingram further averred that he met a man in prison who claimed to have been with the victim on the night the victim died; according to Ingram, the man told him that he saw the shooter and that Ingram was not the shooter. However, as the State correctly notes, this claim has previously been litigated. Ingram presented this claim in his motion for a new trial. Further, on direct appeal, Ingram challenged the denial of that motion for a new trial based on the newly discovered witness. Thus, this witness does not fall within the requirements of Rule 32.1(e)(1), i.e., the evidence was known to the defense in time to file a motion for a new trial; in *1155 fact, the defense did file such a motion. Further, because this claim was presented at trial and on appeal, it is barred by Rules 32.2(a)(2) and (4). Therefore, summary denial of this claim was proper.
III.
With regard to claim (4) set out above, Ingram presents several different versions of possible events leading to the victim’s death. Ingram essentially challenges the credibility of the State’s witnesses and the veracity of their testimony and instead substitutes his theory of the events that took place on the evening of the murder. Ingram further avers that the shooting may have been orchestrated by the victim and carried out by the victim’s sister as a part of a deliberate and elaborate scheme to frame Ingram in retaliation for earlier incidents between the parties. Ingram alleges that the victim had shot him a year before his death and that the victim was about to begin serving a two-year prison term for shooting Ingram—Ingram opines that the victim had his sister shoot him in the leg intending to cause a nonfatal wound so that he could claim Ingram shot him. Finally, Ingram claims that the victim’s death was unwittingly caused by a drug overdose rather than by the gunshot wound. While Ingram has put together a lengthy rendition of his assorted theories, his claim is nothing more than an attempt to relitigate the evidence. This hodgepodge of contentions is barred by provisions of Rule 32.2(a)— the arguments Ingram advanced at trial regarding his innocence and alleged conflicts in the evidence are barred by Rule 32.2(a)(2) and the additional contentions Ingram advances for the first time in his Rule 32 petition are barred by Rules 32.2(a)(3) and (5), because these claims could have been, but were not, raised at trial or on appeal. For these reasons, summary denial of this claim was proper.
IV.
With regard to claim (5) set out above, i.e., Ingram’s request that the trial court reconsider its ruling allowing the prosecutor to introduce the victim’s statements—i.e., that the victim accused Ingram of being the shooter—under the excited-utterance exception to the hearsay rule, we note simply that the propriety of that ruling was raised and addressed at trial, in a motion for a new trial, and on direct appeal. Thus, this claim is barred by Rules 32.2(a)(3) and (5). Therefore, summary denial of this claim was proper.
V.
Ingram avers that the trial court erred in not making specific findings of fact in its order denying his petition. We note that “ ‘Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal.” ’ Duren v. State, 813 So.2d 928, 930 (Ala.Crim.App.2000), quoting Fincher v. State, 724 So.2d 87, 89 (Ala.Crim.App.1998). Because summary denial was proper as to claims (2), (3), (4), and (5), Ingram is not entitled to any relief as to those claims.
VI.
We now turn to Ingram’s claims that he was denied the effective assistance of counsel at trial and on appeal and that the circuit court erred in failing to make specific findings of fact regarding those allegations.
In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of showing (1) that his counsel’s performance was deficient and (2) that the deficient per *1156 formance actually prejudiced the defense. To prove prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 466 U.S. at 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. Furthermore, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” 466 U.S. at 689, 104 S.Ct. 2052.
In Boyd v. State, 913 So.2d 1113 (Ala.Crim.App.2003), this Court noted:
“ ‘Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.’ Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a conclusion ‘which, if true, entitle[s] the petitioner to relief.’ Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of facts in pleading which, if true, entitles a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those alleged facts.”
913 So.2d at 1125. As this Court explained in Ford v. State, 831 So.2d 641 (Ala.Crim.App.2001):
“[A]t the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only ‘a clear and specific statement of the grounds upon which relief is sought.’ Rule 32.6(b), Ala. R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”
831 So.2d at 644.
The circuit court’s order summarily denying Ingram’s petition reads, in pertinent part as follows:
“Petitioner has not met the test specifically set out in Strickland v. Washington, 466 U.S. 668, 694 (1984) regarding claims of ineffective assistance of counsel of both his counsel at trial and appeal. Under Strickland, it is not enough to show that trial counsel’s errors ‘had some conceivable effect on the outcome of the proceeding,’ rather the defendant ‘must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ Strickland, 466 U.S. at 693-94. Defendant has not met that burden in the Petition.”
(C. 137-38.)
In his petition, Ingram alleged that counsel was ineffective at trial for a litany of reasons. Ingram attached to his petition approximately 65 pages of documents, including excerpts from the trial transcript, pleadings filed by counsel, assorted exhibits from trial, and a photocopy of what is purported to be the front and back of his trial counsel’s business card bearing a handwritten note purportedly written by trial counsel stating “If $8,000 is not paid by Fri. Feb 28 the Judge said I can withdraw and you can get a new lawyer. That’s paid in full.” (C. 17.) Ingram further attached to his petition a 41-page brief in which he, albeit in a sometimes confusing and disjointed manner, discussed in some detail the specific instances in which he contended his counsel was ineffective and how those alleged deficiencies prejudiced his defense. Generally, those allegations included that his counsel *1157 was ineffective for not objecting to alleged improprieties in the prosecutor’s closing remarks, not subpoenaing evidence or witnesses supporting his alibi, not investigating his theory that the bullet recovered from the victim’s leg may have been fired from the same gun the victim’s sister had allegedly used to shoot Ingram a year earlier, not fully investigating the victim’s cause of death, and not pursuing his alternative theories of the events. Ingram also argued that his counsel was ineffective for intentionally refraining from pursuing certain objections, motions, and defenses because of disputes over the payment of his attorney fee. Ingram further averred that his counsel was ineffective for not properly pursuing these substantive claims in a motion for a new trial or on appeal.
The State concedes that Ingram met his burden of pleading with regard to his ineffective-assistance-of-counsel claims and, thus, that the case is due to be remanded for the circuit court to make specific findings of fact as to Ingram’s claims that his counsel was ineffective. We agree.
Based on the foregoing, we remand this case for the circuit court to address the merits of Ingram’s ineffective-assistance-of-counsel claims. On remand, the circuit court may conduct an evidentiary hearing or take such additional evidence as it deems necessary to make its determination and specific findings of fact. See Rule 32.9(a), Ala.R.Crim.P. Due return to remand shall be filed with this Court within 56 days of the date of this opinion. The return to remand shall include the circuit court’s written findings of fact; a transcript of the remand proceedings, if any are conducted; and any other evidence submitted or relied on by the circuit court in making its determination.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., concurs in the result.

 Note from the reporter of decisions: On October 27, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 15, 2006, that court denied rehearing, without opinion.