AFTER REMANDMENT II
This cause was remanded to the circuit court for further written findings concerning the existence or nonexistence of each statutory mitigating circumstance and of any additional mitigating evidence offered in light of Eddings v. Oklahoma,455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982).
On remand, the trial judge allowed arguments from both the State and defense counsel and offered each side the opportunity to present any evidence in support of the argument. After argument, the judge issued his written findings wherein he listed each particular statutory mitigating circumstance found in Alabama Code Section 13-11-7 (1975) and stated the reason or reasons why each particular circumstance and any additional mitigating evidence offered did not apply in this case. Specifically, the judge found that the mitigating evidence of an antisocial personality disorder and Clisby's remorse, even if it existed, was "outweighed by the aggravating circumstances."
In concluding his written findings, the judge found:
 "The Court having considered all the statutory mitigating circumstances and *Page 104 
any additional mitigating evidence offered as shown above in No. (6) and further after consideration of all the matters that were presented to the Court during any of the hearings, both in mitigation and by aggravation and taking into consideration all other matters that were properly before the Court as hereinabove stated, this Court now does find and is convinced beyond a reasonable doubt and to a moral certainty that the aggravating circumstances as shown above and brought before this Court outweigh any mitigating circumstances as shown above and that the aggravating circumstances are sufficient to uphold the Jury's finding of punishment at death.
 "It is, therefore, the judgment of this Court that the sentence of death as previously imposed on the defendant on May 10, 1983, should be carried out by the State of Alabama."
The findings of the trial judge are in full compliance with the Eddings requirement that any relevant mitigating factor must be considered. The judge's conscientious handling of this matter displays an attitude of caution and deliberation proportionate to the finality and magnitude of the sentence imposed.
 SENTENCE REVIEW
In compliance with the statutory command of Alabama Code Section 13A-5-53 (b) (1975), this Court makes the following determinations:
(1) There is no indication that the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor.
(2) Our review and independent weighing of the aggravating and mitigating circumstances indicate that death was the proper sentence. We fully concur in the trial judge's finding that the aggravating circumstances far outweigh any mitigating circumstance.
(3) This Court also determines that the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.
In compliance with Beck v. State, 396 So.2d 645 (Ala. 1980), we make the following determinations:
(1) The crime was in fact one punishable by death. Nighttime burglary of an occupied building during the course of which one of the occupants is intentionally killed or murdered is in fact a crime punishable by death under Alabama Code Section 13-11-2 (a)(4) (1975).
(2) While there have been few burglary-intentional killing cases tried, the crime is analogous to robbery-intentional killing which has resulted in approximately two-thirds of the death sentences imposed in this state. Beck v. State,396 So.2d 645, 654 n. 5 (Ala. 1980). This Court has repeatedly held that death is an appropriate sentence for robbery-murder, e.g., Lukev. State, 444 So.2d 393, 396 (Ala.Cr.App. 1983); Womack v.State, 435 So.2d 754, 763 (Ala.Cr.App. 1983); Raines v. State,429 So.2d 1104, 1109 (Ala.Cr.App.), affirmed, 429 So.2d 1111
(Ala. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1804,76 L.Ed.2d 368 (1983), and we find that death is an appropriate sentence for burglary-murder.
(3) The final Beck -mandated inquiry is whether death is an appropriate sentence for this particular defendant in this particular case. Beck v. State, 396 So.2d at 664. It clearly is. Clisby beat to death with an axe a fifty-eight-year-old man who was on crutches. In addition to the Section 13-11-6 (4) aggravating circumstance established by the verdict of conviction itself, see, Percy Leo Dobard v. State,435 So.2d 1338, 1344 (Ala.Cr.App. 1982), the Section 13-11-6 (2) aggravating circumstance (that the defendant was previously convicted of another felony involving the use of violence to the person) was also present. The State proved at the original sentence hearing that Clisby had been convicted of second degree murder in 1980. In addition, the State also proved that Clisby had been convicted in 1974 of first degree burglary (nighttime burglary of an occupied *Page 105 
dwelling), which was relevant to negate the Section 13-11-7 (1) mitigating circumstances (no significant history of prior criminal activity). Clisby had no accomplices.
The judgment of the circuit court sentencing Clisby to death for the offense of nighttime burglary during the course of which he intentionally killed Fletcher Handley is affirmed.
AFFIRMED.
All Judges concur.