Willie Clisby, Jr. appeals from an order and judgment of the circuit court denying his petition for writ of error coram nobis, which petition sought to set aside his initial conviction and sentence of death. See Clisby v. State,456 So.2d 86 (Ala.Crim.App. 1982) as ultimately affirmed,456 So.2d 102 *Page 481 
(Ala.Crim.App. 1983) and as affirmed by the Alabama Supreme Court, Clisby v. State, 456 So.2d 105 (Ala. 1984).
The instant appeal sought by extensive allegations made to challenge many of the issues which were previously adjudicated in the original appeal of this cause. We have carefully examined the petition filed in the Circuit Court of Jefferson County and the motions filed by the State contesting the petition and the order and judgment of the trial court following a hearing at which argument was offered by both sides but no evidence taken. In brief, the coram nobis petition was denied without an evidentiary hearing, but there was a hearing at which counsel for both parties appeared and presented their petition and argument thereon. The trial court then entered its order denying the petition.
 I
Essentially, the appellant asserts three matters which were not fully covered in the original appeal of this cause hereinabove cited. The first of these is that the appellant contends that he was not adequately examined by a psychiatrist to ascertain the existence of mitigating circumstances and was not provided with funds to pay for an independent psychiatric examination. (R. 54, allegations 37-39 of the petition filed in circuit court).
In passing upon this contention, we must refer to the original opinions of this court and of the Supreme Court of Alabama. In the final opinion of the Supreme Court of Alabama,Ex parte Clisby, 456 So.2d 105 (Ala. 1984) that court made the following observation:
 "This case has been tried once and reviewed twice by the trial court and three times by the Court of Criminal Appeals. This is the second time the case has been before this Court for review. This appeal concerns the treatment of the mitigating circumstances, the weight given those mitigating circumstances in the sentencing process, and whether the jury is required to specify the aggravating and mitigating factors it found and considered in reaching its verdict. In addition, we are compelled to review the propriety of the death sentence in this particular case."
We note that the initial petition requesting that the appellant be examined by a psychiatrist was filed prior to the initial trial in circuit court and, at that point, the circuit court entered its order directing that the appellant be examined by a psychiatrist named Dr. Robert Estock. This examination is fully covered in the original opinion of this court on appeal as issue four in Clisby, 456 So.2d 86
(Ala.Crim.App. 1982).
Moreover, following the initial opinion of this court and that of the Supreme Court of Alabama, this cause was remanded to the circuit court twice for additional hearings and a second evaluation by a registered psychiatrist. The circuit court then had the appellant examined by Dr. John Callahan. Following this hearing and examination by Dr. Callahan, this court issued its opinion on initial appeal, affirming these determinations asClisby v. State, 456 So.2d 102 (Ala.Crim.App. 1983) and which were ultimately affirmed by the Alabama Supreme Court as Clisby v. State, 456 So.2d 105 (Ala. 1984). In view of these findings and determinations by two independent psychiatrists, one before trial and the second before a final sentencing hearing, we readily distinguish this cause fromAke v. Oklahoma 470 U.S. 68, 105 S.Ct. 1087,84 L.Ed.2d 53 (1985). In Ake, as noted in the opinion of the Supreme Court of the United States, the appellant was sent to the state hospital where the psychiatrist there found that the appellant was not competent to stand trial. This determination is in marked contrast to the determinations both by Dr. Estock before trial, which were reported to the circuit court, and the subsequent findings by Dr. John Callahan, which were reported to the circuit court before the second sentencing hearing. In both of these, the appellant was found competent to stand trial and competent to cooperate and assist his counsel. Moreover, there was no indication in the report of either psychiatrist that the *Page 482 
appellant was in need of further psychiatric evaluation or treatment.
In light of the manner in which this cause was handled in circuit court and reviewed by both this court and the Supreme Court of Alabama on original appeal, we find no constitutional error as contended by the appellant through counsel.
 II
The appellant's counsel made argument and allegation that original counsel representing the appellant should have filed a challenge to the jury system in Jefferson County indicating that, because of the appellant's race, there should have been a challenge to the venire from which the jury was struck on racial grounds.
In support of this allegation, appellant has offered no evidence whatever, nor has he averred that the prospective jurors who filled the jury box, or who were selected on the initial trial of this cause, were selected on the basis of anything other than their individual qualifications. SeeSwain v. Alabama, 380 U.S. 202, 85 S.Ct. 824,13 L.Ed.2d 759 (1965).
In White v. State, 48 Ala. App. 111, 262 So.2d 313, (1972) this court stated:
 "The law is clear that a defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his own race on the jury which tries him, nor on the jury role from which the grand and petit jurors are selected. Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839."
Moreover, in Butler v. State, 285 Ala. 387,232 So.2d 631 (1970) our Supreme Court pointed out:
 "The burden of proof is on the person attacking selection procedure to show 'the existence of purposeful discrimination' by the exclusion of Negroes on account of race from jury participation. . . . Purposeful discrimination may not be assumed or merely asserted. It must be proved." (Citations omitted).
In this petition which was before the circuit court there was but a naked allegation in the coram nobis petition that counsel at the original trial should have filed appropriate motions challenging the selection of the grand and petit juries on account of race.
No attempt was made to offer proof at the coram nobis hearing on such allegations.
This court judicially knows that the jury selection process in Jefferson County, Alabama was constitutionally challenged in the case of Bryant and Williams v. State, 49 Ala. App. 359, 272 So.2d 286 (1972), cert. denied, 289 Ala. 740,272 So.2d 297 (1972), cert. denied, 412 U.S. 922, 93 S.Ct. 2744,37 L.Ed.2d 149 (1973).
In Bryant, supra, there was a very strong challenge made to the jury selection process on the alleged basis of systematic exclusion of black persons from the jury rolls of the grand and petit juries of Jefferson County, Alabama. This issue is more fully developed in that opinion as issue two.
This issue was reviewed by this court and the Supreme Court of Alabama and further by the United States Supreme Court on petition for writ of certiorari. This opinion shows that Negroes and other minorities have regularly and fully served for more than 15 years in Jefferson County in considerable numbers. This is common knowledge among the members of the bar practicing in the courts of Jefferson County. The same is true in Federal District Court as shown by the opinion of the Fifth Circuit in Jackson v. Morrow, 404 F.2d 903 (5th Cir. 1968). As noted in Jackson, supra, the results which were passed upon by this court in Bryant wholly fail to establish that the jury roll produced a result which was "spectacularly not a cross section of the community".
Moreover, the Supreme Court of Alabama in Williams v.State, 342 So.2d 1328 (Ala. 1977) stated:
 "A defendant who has not been misled is not permitted to participate in the selection of the jury without objections, speculate on winning a favorable verdict, and, failing to do so, raise for the first *Page 483 
time such questions on motion for new trial."
Moreover, as noted in Williams, such challenge must also show and offer proof that the grounds were not known to the defendant before he went to trial or that he could not have known same by exercising such with due diligence. These procedural requirements have been adhered to in subsequent cases reviewed by the Alabama appellate courts. See Wynn v.State, 423 So.2d 294 (Ala.Crim.App. 1982), cert. denied, (Ala. 1982) and Hoppins v. State, 440 So.2d 1125
(Ala.Crim.App. 1983).
For all of the reasons herein stated, the challenge on the basis of the jury selection process must fail.
 III
The appellant's third contention is that he did not receive effective assistance of counsel at the time of the original trial and appeal. Counsel cites us to the recent opinion of the Supreme Court of Alabama in Boatwright v. State,471 So.2d 1257 (Ala. 1985) requiring a hearing on the merits of the appellant's allegations in his coram nobis petition that he was denied the effective assistance of counsel at trial. Counsel also cites us to Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
This court in recent months has, on a number of occasions, written to this issue where it was determined that an evidentiary hearing was desirable to allow counsel to develop his contentions. We find no such basis in the case at bar. Counsel's conduct in the original trial and appeal did not so effect the adversarial process as to produce an unjust result. There is nothing which has been here averred which was not done by defense counsel which could have been done to change, in our judgment, the result of trial or the initial appeal.
We have written to this point and the other issues to show that all matters which were the basis of possible error were fully explored by this court in our original opinions of which there are three and are herein cited, and the two opinions of the Supreme Court of Alabama also on original direct appeal.
In brief, we know of no matter which was not raised which should have been raised, or which was not covered in the original opinions which would have changed the result of this proceeding.
On this basis we find no error. We, therefore, determine that there was no reasonable basis for the trial court to conduct further hearing on the allegation of the ineffective assistance of counsel. We specifically distinguish this cause fromBoatwright supra.
Having carefully reviewed each allegation made and the legal arguments offered in support thereof, we find no error. The judgment of the Circuit Court of Jefferson County denying the petition for writ of error coram nobis is, therefore, due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.