TAYLOR, Presiding Judge.
This cause having come on to be considered on an appeal from the denial of a Rule 32, Ala.R.Crim.P., petition and having been considered by the Court, this Court finds as follows. This petition was correctly denied upon grounds that each of the four contentions set forth by the petitioner is procedural^ barred by Rule 32.2(a), 32.2(b), and 32.2(c), Ala.R.Crim.P. The Court considers the petition to be filed for no reason other than to delay. A procedural history is attached to this opinion as Appendix A. It demonstrates that a great amount of time is allowed to a convicted person to pursue appeals and post-conviction remedies.
While the petition was denied on procedural grounds and this Court’s affirmance of the trial court’s denial is based entirely upon procedural grounds, this Court also observes that each of the four arguments would be denied on the merits if the merits were reached.
The trial court’s denial of appellant’s petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., is affirmed.
AFFIRMED.
All the Judges concur.

APPENDIX A

CLISBY CHRONOLOGY

1979

Nov. 7,1979 — Willie Clisby, Jr. breaks into Fletcher Handley’s home, murders him with an ax, and steals approximately $80.00.
Nov. 13, 1979 — Clisby goes to police headquarters, is questioned, and leaves.
Nov. 14, 1979 — Clisby confesses to the murder and is arrested.
Nov. 15, 1979 — Formal arrest warrant signed.
Nov. 21, 1979 — Attorney Jim Hard appointed to represent Clisby in District Court. (R. 468)
Dec. 5,1979 — District Court orders psychiatric examination of Clisby. (R. 469)
Dec. 7, 1979 — Clisby examined by Dr. Robert - Estock.
Dec. 10, 1979 — Letter to court informing it that Dr. Estock feels Clisby is competent to stand trial and there is no evidence of psychosis.
Dec. 19, 1979 — Clisby waives preliminary hearing and is bound over to the Jefferson County Grand Jury.

1980

Feb. 8, 1980 — Clisby indicted for committing the capital offense “nighttime burglary of an occupied dwelling when any *1039 of the occupants is intentionally killed by the defendant,” Code of Alabama, 1975, § 13-ll-2-(a)(4).
Feb. 22, 1980 — Attorney Steve Arnold appointed to represent Clisby by Jefferson County Circuit Court. (R. 470)
Feb. 29, 1980 — (a) Clisby arraigned and pleads not guilty. (R. 471)
(b)Arnold files “Defendant’s Motion for Psychiatric Examination,” requesting the court to empanel a lunacy commission.
(e) Circuit court grants dishy’s motion for psychiatric examination to extent it directs Jefferson County Diagnostic Office “to have a psychiatric evaluation of defendant’s mental condition.”
Mar. 10, 1980 — Defense files the following motions:
(a) Motion to Quash Indictment (R. 484);
(b) Additional Motion to Quash Indictment (R. 485);
(c) Motion for Production and for Discovery (R. 486-487);
(d) Motion for Individual Voir Dire and Sequestration of Jurors During Voir Dire (R. 488^189);
(e) Motion Challenging “Death Qualification” Voir Dire Questions (fair cross section and eonvietion-proneness) (R. 490-491);
(f) Motion for Court Appointed Psychiatrist, which requests court to appoint a psychiatrist “to conduct a clinical evaluation and examination of the defendant’s capacity for criminal responsibility.” (R. 492);
(g) Motion for Funds for Private Psychiatrist, which requests court to order State or some subdivision of it, to provide Clisby with funds to hire a psychiatrist “to conduct a clinical evaluation of the defendant’s capacity for criminal responsibility in order to enable him to have an adequate defense, due process of law and a fair trial.” (R. 493)
Mar. 11, 1980 — Motion hearing at which the following is done:
(a) Motions for psychiatric assistance discussed in court;
(b) Motion Challenging “Death Qualifications” Voir Dire Questions denied (R. 472);
(c) Motion for Production and for Discovery granted except for Grand Jury minutes (R. 472);
(d) Motion to Quash Indictment and Additional Motion to Quash Indictment denied. (R. 472).
Mar. 18,1980 — Letter to court informing it that Dr. Estock had examined Clisby and “feels this individual is competent to stand trial, and aid in. his defense. He displayed no evidence of psychosis and does not meet the criteria for involuntary commitment to Bryce Hospital.”
Mar. 26, 1980 — Motion to suppress confession filed. (R. 494-495).

1981

Feb. 23, 1981 — Trial begins and:
(a) Oral motion to quash based on unconstitutionality of death penalty statute and of the Alabama Supreme Court’s Beck decision made by defense (R. 2-3);
(b) Jury voir dire (R. 3-72);
(c) Opening statements (R. 76-82);
(d) Prosecution case begins (R. 82-147).
Feb. 24, 1981 — Trial continued:
(a) Prosecution case continues to completion (R. 152-334);
(b) Motion to exclude the State’s evidence is made by defense and denied (R. 335-336);
(c) The defense rests without presenting any testimony. (R. 337);
(d) Closing argument (R. 337-363);
(e) Oral charge (R. 364-375).
Feb. 25, 1981 — Trial continued:
(a) Questions from the jury during deliberations (R. 377-379);
(b) Jury verdict of guilty of the capital offense (R. 379-380);
(c) Sentencing stage before the jury (R. 382-421);
(d) Jury verdict of death (R. 431).
*1040 Feb. 27, 1981 — Defense attorney announces not ready to begin sentence hearing before judge, moves for continuance, and asks court to grant his two [March 10, 1980] motions for psychiatric assistance.
Court denies request for continuance and request that it grant psychiatric assistance.
Court reads the two letters concerning Dr. Estock’s examinations of Clisby into the record.
At the close of sentence hearing, the court sentences Clisby to death.
Dec. 8, 1981 — Oral argument in the Alabama Court of Criminal Appeals.

1982

Mar. 2, 1982 — The Alabama Court of Criminal Appeals affirms Clisby’s conviction and sentence. Clisby v. State, 456 So.2d 86 (Ala.Crim.App.1982).
Apr. 20, 1982 — Clisby’s application for rehearing in the Alabama Court of Criminal Appeals is denied.
May 3,1982 — Clisby’s petition for certiora-ri is filed in the Alabama Supreme Court.
July 26, 1982 — Clisby’s petition for writ of certiorari and request for oral argument is granted.
Oct. 26, 1982 — Oral argument before the Alabama Supreme Court.

1983

Feb. 11, 1983 — The Alabama Supreme Court affirms Clisby’s conviction but remands the case for reconsideration by the sentencing court of its handling of Dr. Estock’s report. Ex parte Clisby, 456 So.2d 95 (Ala.1983).
Apr. 8,1983 — Defense files motion for psychiatric examination for mitigating circumstance purposes (later granted).
Apr. 25, 1983 — Clisby examined by Dr. John Callahan, a psychiatrist at the University of Alabama in Birmingham.
Apr. 26, 1983 — Sentence hearing after remand held in circuit court.
Dr. Callahan testifies that Clisby is mentally competent.
Clisby testifies as to his background. Defense counsel requests that Dr. Callahan be ordered to examine Clisby for mitigating circumstance purposes, and the hearing is continued for that purpose.
Apr. 27,1983 — Dr. Callahan examines Clis-by again, this time for mitigating circumstance purposes.
May 10, 1983 — Sentence hearing continued. Dr. Callahan testifies on the mitigating circumstances issues.
The circuit court resentences Clisby to death, and enters sentence findings.
July 19, 1983 — The Alabama Court of Criminal Appeals remands the case to the Jefferson County Circuit Court for specific findings as to aggravation and mitigation. Clisby v. State, 456 So.2d 99 (Ala. Crim. App.1983).
July 29, 1983 — Second hearing on remand in the Jefferson County Circuit Court before Judge Jasper.
Clisby resentenced to death, and new mitigating circumstances findings entered.
Nov. 29, 1983 — The Alabama Court of Criminal Appeals affirms after remand. Clisby v. State, 456 So.2d 102 (Ala.Crim. App.1983).
Dec. 19, 1983 — Alabama Court of Criminal Appeals denies Clisby’s application for rehearing.

1981

Jan. 3, 1984 — Clisby files a petition for writ of certiorari in the Alabama Supreme Court.
Feb. 22, 1984 — Clisby’s petition for writ of certiorari and request for oral argument is granted by the Alabama Supreme Court.
Apr. 9, 1984 — Oral argument in the Alabama Supreme Court.
July 19, 1984 — The Alabama Supreme Court affirms Clisby’s sentence. Ex parte Clisby, 456 So.2d 105 (Ala.1984).
Aug. 24, 1984 — Clisby’s application for rehearing in the Alabama Supreme Court is denied.
*1041 Nov. 22, 1984 — Clisby’s petition for writ of certiorari mailed to United States Supreme Court.

1985

Jan. 2,1985 — Respondent’s brief in opposition to certiorari filed in the United States Supreme Court.
Feb. 25, 1985 — Clisby’s petition for a writ of certiorari is denied by the United States Supreme Court. Clisby v. Alabama, 470 U.S. 1009, 105 S.Ct. 1372, 84 L.Ed.2d 391 (1985).
Mar. 8, 1985 — State files a motion to set execution date in the Alabama Supreme Court.
Apr. 23, 1985 — Alabama Supreme Court sets execution date of May 31, 1985.
May 10, 1985 — Coram nobis petition filed in the Circuit Court of Jefferson County Motion for Stay of Execution filed.
May 15, 1985 — Motion for Funds for Independent Psychiatric Examination in Advance of Hearing on Writ of Error Co-ram Nobis filed.
Motion to Dismiss Coram Nobis Petition filed by District Attorney.
Hearing on Motion for Stay of Execution.
Motion for Stay of Execution Denied. May 20, 1985 — Answer to Coram Nobis
Petition filed.
Amended Coram Nobis Petition filed.
Arguments on whether evidentiary hearing necessary.
Coram Nobis Petition Denied.
May 22, 1985 — Alabama Supreme Court denies Motion for Stay of Execution.
May 24, 1985 — Petition for writ of habeas corpus filed in the United States District Court for the Northern District of Alabama.
Application for stay of execution filed in U.S. District Court.
Motion by Clisby for leave to proceed with discovery and for funds filed.
Motion by Clisby for funds for independent psychiatric examination filed.
May 28,1985 — State files answer to habeas petition.
May 29, 1985 — Stay of Execution granted.
June 27, 1985 — Clisby files brief in Alabama Court of Criminal Appeals from denial of coram nobis petition.
July 1, 1985 — Amended habeas petition filed in U.S. District Court.
July 10, 1985 — State files answer to amended petition in U.S. District Court.
July 17, 1985 — State files brief in Alabama Court of Criminal Appeals from denial of coram nobis petition.
Aug. 20, 1985 — State files brief on claims and procedures in U.S. District Court.
Sept. 9, 1985 — Clisby files in U.S. District Court motion for extension of time to file brief until Alabama Court of Criminal Appeals rules on denial of coram nobis petition.
Sept. 25, 1985 — Order from U.S. District Court extending'time for filing brief until 30 days after Alabama Court of Criminal Appeals rules on denial of coram nobis petition.
Nov. 26,1985 — Alabama Court of Criminal Appeals affirms denial of eoram nobis petition. Clisby v. State, 501 So.2d 480 (Ala.Cr.App.1985).
Dec. 9, 1985 — -States files application for rehearing in nature of request for clarification and supporting brief in Alabama Court of Criminal Appeals.
Dec. 10, 1986 — Clisby files application for rehearing and supporting brief in Alabama Court of Criminal Appeals.

1986

Jan. 7, 1986 — -Alabama Court of Criminal Appeals denies Clisby’s application for rehearing.
Jan. 21, 1986 — Clisby files petition for writ of certiorari and supporting brief in Alabama Supreme Court from denial of eo-ram nobis petition.
Feb. 4, 1986 — State files brief in response to petition for writ of certiorari in Alabama Supreme Court.
Mar. 4, 1986 — Order staying proceedings in U.S. District Court until Alabama ap *1042 pellate courts rule on denial of coram nobis petition.
May 19, 1986 — -Alabama Supreme Court grants Clisby’s petition for writ of cer-tiorari from denial of coram nobis petition.
May 30, 1986 — State files brief in Alabama Supreme Court.
June 24, 1986 — Order directing State to advise U.S. District Court within 10 days after case ready for final briefing and submission.
Oct. 14, 1986 — Oral argument in Alabama Supreme Court.
Dec. 1,1986 — Clisby files motion to permit psychiatric interview in U.S. District Court.
Motion to permit psychiatric interview granted U.S. District Court.
Dec. 12, 1986 — Alabama Supreme Court affirms judgment of Alabama Court of Criminal Appeals. Ex parte Clisby, 501 So.2d 483 (Ala.1983).
Dec. 26, 1986 — Clisby files application for rehearing in Alabama Supreme Court.

1987

Jan. 23, 1987 — Alabama Supreme Court denies Clisby’s application for rehearing.
Jan. 30, 1987 — Dissenting opinion filed from denial of application for rehearing (Justice Beatty)
March 9,1987 — Order staying habeas petition in U.S. District Court until U.S. Supreme Court rules on petition for writ of certiorari.
Apr. 9, 1987 — Letter from Clisby’s attorney to magistrate that not filing petition for writ of certiorari in U.S. Supreme Court.
May 18, 1987 — Clisby files motion to permit psychiatric evaluation at UAB in U.S. District Court.
Clisby files motion for continuance in U.S. District Court.
June 12, 1987 — Order granting Clisby’s motion for a continuance in U.S. District Court.
Order granting Clisby’s motion for psychiatric evaluation at UAB.
Aug. 6,1987 — State files motion for discovery.
State propounds interrogatories on Clis-by.
Nov. 16, 1987 — Pretrial conference before magistrate (Elizabeth Todd Campbell).
Nov. 24, 1987 — Magistrate issues order on claims to be addressed at evidentiary hearing.
Dec. 8, 1987 — Clisby files response to State’s interrogatories.
Dec. 9,1987 — State files motion for continuance of evidentiary hearing.
State files motion to depose Clisby’s experts and a motion to allow State’s expert to perform psychological evaluation on Clisby.
Dec. 11, 1987 — Order granting State’s motion to depose Clisby’s experts and to have Clisby evaluated.
Order granting State’s motion for continuance.
Dec. 23, 1987 — Clisby files motion to permit EEG examination.
Dec. 30,1987 — Clisby files motion for safeguards in State’s psychiatric exam. Order granting Clisby’s motion to permit EEG examination.

1988

Jan. 25,1988 — Order setting up safeguards for State’s psychiatric evaluation.
Feb. 24, 1988 — Clisby files motion for protective order concerning Clisby’s testimony to be given at evidentiary hearing.
Feb. 29, 1988 — Evidentiary hearing.
Order granting in part Clisby’s motion for protective order.

1989

Jan. 3, 1989 — U.S. District Court — Northern District of Alabama enters order denying relief from the conviction but granting sentence stage relief.
Jan. 9, 1989 — State files motion to alter or amend judgment.
Feb. 3, 1989 — Both parties file briefs concerning State’s motion to alter or amend judgment.
Feb. 23, 1989 — U.S. District Court enters amended order stating that the new sen *1043 tence hearing had to be “before a jury and judge”.
Mar. 21,1989 — State files notice of appeal. State files motion to stay judgment pending appeal.
Mar. 30, 1989 — Clisby files notice of intent to cross-appeal.
Apr. 7, 1989 — Clisby files application for certificate of probable cause to appeal.
Apr. 18, 1989 — U.S. District Court enters order granting Chsby’s certificate of probable cause.
June 9, 1989 — State files brief in 11th Circuit Court of Appeals (89-7209)
July 19, 1989 — Clisby files brief in 11th Circuit Court of Appeals.
Aug. 28, 1989 — State files reply brief and response brief to cross-appeal in 11th Circuit Court of Appeals.
Sept. 18, 1989 — State files letter brief in 11th Circuit Court of Appeals.
Sept. 19, 1989 — Oral argument — 11th Circuit Court of Appeals.
Oct. 2, 1989 — State files letter brief in response to question asked at oral argument.
Oct. 16, 1989 — Clisby files letter brief in response to State’s letter brief.

1990

Jan. 4, 1990 — State files supplemental authority letter brief in Court of Appeals.
Feb. 26,1990 — State files supplemental authority brief in Court of Appeals.
May 24,1990 — Panel of 11th Circuit Court of Appeals vacate the district court’s judgment and remand case for further proceedings. Clisby v. Jones, 960 F.2d 925 (11th Cir.1992).
June 12, 1990 — Clisby files suggestion for rehearing en banc, or, in the alternative, petition for' rehearing.
July 20, 1990 — Panel of 11th Circuit Court of Appeals withdraws its May 24, 1990 opinion.
July 25, 1990 — Panel of 11th Circuit Court of Appeals issues new opinion reaching same result but with different reasoning. Clisby v. Jones, 907 F.2d 1047.
Aug. 13,1990 — Clisby files another rehearing and en banc petition.
Dec. 17, 1990 — 11th Circuit Court of Appeals grants rehearing en banc.

1991

Apr. 19, 1991 — State files its en banc brief in 11th Circuit Court of Appeals.
May 28, 1991 — Clisby files his en banc brief in 11th Circuit Court of Appeals.
June 5, 1991 — State files supplemental letter brief in the 11th Circuit Court of Appeals.
June 10, 1991 — Oral argument en banc in 11th Circuit Court of Appeals.

1992

May 4, 1992 — En banc 11th Circuit Court of Appeals reversed the grant of sentence stage relief and remanded case for consideration of an unreached claim. Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992).
May 22,1992 — Clisby files motion for clarification of Court’s en banc opinion.
May 26, 1992 — State files petition for rehearing after rehearing en banc.
June 18, 1992 — 11th Circuit Court of Appeals denies State’s petition for rehearing.
June 23, 1992 — 11th Circuit Court of Appeals denies dishy’s motion for clarification.
June 29,1992 — District Court sets briefing schedule.
July 24, 1992 — Clisby files letter brief in U.S. District Court.
Aug. 5, 1992 — State files brief in U.S. District Court.
Aug. 24, 1992 — Clisby files letter brief in response to State’s brief in U.S. District Court.
Nov. 16, 1992 — U.S. District Court enters memorandum opinion on procedural default.
Dee. 2, 1992 — State files motion to modify Court’s memorandum opinion of November 16, 1992.
Dee. 14, 1992 — Order denying motion to modify.
Memorandum opinion filed — in support of denial of motion to modify.
*1044 Dee. 16, 1992 — Order from U.S. District Court that modification of November 16 and December 14, 1992 orders may be necessary in light of Footman v. Single-tary, 978 F.2d 1207 (11th Cir.1992).

1993

Jan. 4, 1993 — Clisby files letter brief on impact of Footman v. Singletary on new claims of ineffective assistance of counsel.
Jan. 5, 1993 — State files letter brief on impact of Footman v. Singletary on new claims of ineffective assistance of counsel.
Feb. 12,1993 — Evidentiary hearing held in U.S. District Court.
Mar. 1, 1993 — Clisby files proposed findings in U.S. District Court.
Mar. 10, 1993 — State files post-hearing brief in U.S. District Court.
Mar. 17, 1993 — Clisby files letter brief in response to State’s post-hearing brief.
May 25, 1993 — U.S. District Court enters order denying habeas petition.
U.S. District Court enters order modifying its November 16, 1993 order and finding that new claims of ineffective assistance are barred by Footman v. Singletary.
June 23,1993 — Clisby files notice of appeal in U.S. District Court.
July 7, 1993 — Clisby files application for certificate of probable cause to appeal in U.S. District Court.
July 8, 1993 — U.S. District Court grants Clisby’s certificate of probable cause to appeal.
Nov. 12, 1993 — Clisby files brief in 11th Circuit Court of Appeals.
Dec. 17, 1993 — State files brief in 11th Circuit Court of Appeals.

1994.

Jan. 3, 1994 — Clisby files reply brief in 11th Circuit Court of Appeals.
Apr. 28, 1994 — Oral argument in 11th Circuit Court of Appeals.
July 12, 1994 — 11th Circuit Court of Appeals affirms denial of habeas petition.
Aug. 1, 1994 — Clisby files suggestion for rehearing en banc, or, in the alternative, petition for rehearing.
Sept. 12, 1994 — 11th Circuit Court of Appeals denies Clisby’s petition for rehearing.
Sept. 22, 1994 — 11th Circuit Court of Appeals issues mandate.
Oct. 31,1994 — State files motion for execution in Alabama Supreme Court.
State files memorandum summarizing the facts concerning the crime, the evidence against Clisby, the sentencing facts and the procedural history of the case in the Alabama Supreme Court.
Nov. 2, 1994 — Clisby files motion to recall mandate in 11th Circuit Court of Appeals.
Nov. 9, 1994 — Clisby files response to State’s motion to set execution date in Alabama Supreme Court.
Nov. 15, 1994 — Alabama Supreme Court enters order setting execution date of January 6, 1995.
Nov. 17, 1994 — Clisby sends letter notifying 11th Circuit Court of Appeals that execution date set.
Dec. 6, 1994 — 11th Circuit Court of Appeals grants Clisby’s motion to recall and stay of the issuance of the mandate until December 12, 1994.
Dec. 9, 1994 — Clisby files motion to stay execution date in Alabama Supreme Court.
Clisby files petition for writ of certiorari in the U.S. Supreme Court.
Dec. 12, 1994 — Clisby files letter in Eleventh Circuit Court of Appeals informing Court that his petition for writ of certio-rari was filed in U.S. Supreme Court on December 9, 1994.
Dee. 15, 1994 — Clisby files letter in Alabama Supreme Court that petition for writ of certiorari filed in U.S. Supreme Court on December 9, 1994.
Dec. 21, 1994 — Alabama Supreme Court grants Clisby’s motion for stay of execution.

*1045
1995

Jan. 5, 1995 — State requests an additional fourteen days to file brief in opposition in U.S. Supreme Court.
Jan. 11, 1995 — State’s request for 14 day extension granted.
Jan. 18, 1995 — State files brief in opposition to Clisby’s cert, petition in U.S. Supreme Court.
Jan. 27, 1995 — Clisby files reply to State’s brief in opposition to his cert, petition.
Peb. 21,1995 — U.S. Supreme Court denies Clisby’s petition for writ of certiorari.
Mar. 1,1995 — State files motion for execution in Alabama Supreme Court.
State files memorandum summarizing the facts concerning the crime, the evidence against Clisby, the sentencing facts and the procedural history of the ease in the Alabama Supreme Court.
Mar. 3, 1995 — Clisby files response to State of Alabama’s motion to set execution date in Alabama Supreme Court. Clisby files application for suspension of order denying certiorari in the U.S. Supreme Court.
Clisby files motion to stay the issuance of the mandate in 11th Circuit Court of Appeals.
Mar. 6, 1995 — U.S. Supreme Court denies application for suspension of order denying certiorari.
State files response to Clisby’s response to the State’s motion to set execution date in Alabama Supreme Court.
Mar. 7, 1995 — 11th Circuit Court of Appeals grants Clisby’s motion to further stay the issuance of the mandate pending the disposition of Clisby’s application for suspension of order denying cert, in the U.S. Supreme Court.
Mar. 14, 1995 — 11th Circuit Court of Appeals mandate issues.
State sends letter to Alabama Supreme Court that 11th Circuit issued mandate.
Mar. 21, 1995 — Clisby files application for rehearing in U.S. Supreme Court.
Clisby sends letter to Alabama Supreme Court that filed rehearing in U.S. Supreme Court. Clisby asks Alabama Supreme Court to delay setting execution until U.S. Supreme Court rules on his application for rehearing.
Alabama Supreme Court enters order setting execution date of April 28, 1995.
Apr. 13,1995 — Clisby files Rule 32 petition and appendix in Jefferson County Circuit Court.
Clisby files motion to stay execution date in Alabama Supreme Court.
Apr. 17, 1995 — State files answer and appendix to Rule 32 petition in Jefferson County Circuit Court.
State files response to Clisby’s motion to stay execution date in Alabama Supreme Court.
Apr. 19, 1995 — Rule 32 petition denied by the Jefferson County Circuit Court.
Apr. 19, 1995 — Alabama Supreme Court denies Motion for Stay of execution.