The appellant, Myron Monroe, appeals from the summary denial of his Rule 32, A.R.Crim.P., petition attacking his 1991 conviction for robbery in the first degree and his sentence, as a habitual offender, to life imprisonment without parole. That conviction was affirmed without opinion. Monroe v. State,587 So.2d 1114 (Ala.Crim.App. 1991). *Page 976 
The case action summary reveals that on August 13, 1992, the appellant filed a Rule 32, A.R.Crim.P., petition that alleged that his sentence as a habitual offender was illegal because, he says, the State failed to give him notice of its intent to serve under the Habitual Felony Offender Act. Although the case action summary states that a hearing on this petition was set for September 15, 1992, there is no record that any such hearing was held. In fact, the State did not respond to the petition until November 3, and the trial judge denied the petition on December 2. This denial was affirmed on appeal by an unpublished memorandum. 636 So.2d 489 (Ala.Cr.App. 1993).
The appellant then filed this petition on September 22, 1993, asserting that his counsel, both at trial and on appeal, was ineffective. The trial court did not hold a hearing on this petition. The State responded as follows:
 "Comes now the State of Alabama and hereby responds to Petitioner's Rule 32 petition as follows:
 "(1) Relief is precluded in that said ground(s) were raised or addressed at trial; and,
 "(2) Relief is precluded in that said ground(s) could have been but were not raised on appeal."
(C. 29). The trial court, on the same day, summarily denied the appellant's petition with an order that reads as follows:
 "This case came upon the motion for post-conviction relief from a criminal conviction in this Court.
 "Upon due and proper consideration of all matters presented to the Court, it is ORDERED, ADJUDGED, and DECREED that relief be and hereby is DENIED in that the grounds asserted were raised or addressed at trial and also that said grounds could have been but were not raised on appeal."
(C. 30). This appeal followed.
The State, in its brief to this court, contends that the issue whether trial and appellate counsel were ineffective is precluded because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (a)(5), A.R.Crim.P. However, even if the issue of ineffective assistance of counsel was not raised in the trial court by motion for a new trial, it may still be raised in a Rule 32 petition. Whitley v. State,628 So.2d 1030 (Ala.Crim.App. 1993).
The appellant advances a number of grounds in support of his claim of ineffective assistance of counsel. He argues with sufficient specificity to comply with Rules 32.3 and 32.6(b), A.R.Crim.P., quoting from the trial transcript. The State's response to this petition is not sufficient to meet the burden of pleading and the trial court's order denying the petition does not satisfy the due process requirements of Rule 32.3.Hughley v. State, 597 So.2d 764 (Ala.Crim.App. 1992); Ex parteRice, 565 So.2d 606 (Ala. 1990).
The State also claims that this petition is successive and, therefore, that it is precluded by Rule 32.2(b), A.R.Crim.P., which states:
 "The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that the failure to entertain the petition will result in a miscarriage of justice."
(Emphasis added.)
"[T]he first inquiry in determining whether a subsequent petition, on the same or on different grounds, is successive is whether a prior petition was decided on its merits." Blount v.State, 572 So.2d 498, 500-01 (Ala.Crim.App. 1990). Because the original opinion was not adjudicated on the merits, this petition cannot be deemed successive.
Because the State's response to the appellant's petition did not specifically address the grounds supporting the appellant's claim, we conclude that this petition is meritorious on its face, i.e., "it contains matters and allegations which, if true, entitle the petitioner to relief." Ex parte Boatwright,471 So.2d 1257 (Ala. 1985); Williams v. State, *Page 977 648 So.2d 619 (Ala.Crim.App. 1994). Therefore, we remand this cause for further proceedings. Before conducting an evidentiary hearing, the trial court may require a response from the State that complies with Rule 32.3. However, "[i]f the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order." Sheats v. State, 556 So.2d 1094,1095 (Ala.Crim.App. 1989); Holland v. State, 621 So.2d 373
(Ala.Crim.App. 1993). The circuit court shall make written findings on the merits of the appellant's claim in sufficient time to make a proper return to this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* On return to remand, the Court of Criminal Appeals, on March 24, 1995, affirmed the decision, without opinion.