COBB, Judge.
The appellant, Vincent Edward Hawkins, filed a Rule 32, Ala.R.Crim.P., petition with the Houston Circuit Court challenging his convictions for murder and for assault in the second degree. All that is included in the record on appeal is the petition and the attached exhibits, the appellant’s motion for the appointment of counsel, a motion for an evidentiary hearing, the appellant’s in forma pauperis declaration and attached statement of his prison account balances, the appellant’s notice of appeal and motion for appointment of counsel, and the appellant’s motion for reconsideration with attached exhibit. There is no case action summary sheet included in the record nor is there a response from the State to the allegations raised in the petition. There is a notation by the trial court at the bottom of the last page of the in forma pauperis declaration (which follows the Rule 32 petition), which reads “I deny the filing of this petition.” (R. 47.) The State in its brief seems to accept the trial court’s notation as a denial of the in forma pauperis declaration because it does not address the merits of the appellant’s allegations in his Rule 32 petition and it concedes that this case must be remanded to the trial court in light of Stafford v. State, 647 So.2d 102 (Ala.Crim.App.1994). The appellant seems to interpret the trial court’s notation as a denial of his Rule 32 petition because he argues the merits of his petition in his brief on appeal. This court is unable to determine whether the trial court was denying the Rule 32 petition or the appellant’s request to proceed in forma pau-peris.
In any event, this cause must be remanded to the trial court. From examining the appellant’s prison account balances, we conclude that the appellant is indigent. Therefore, if the trial court’s notation in the record was intended to be a denial of the appellant’s request to proceed in forma pau-peris, then the judgment of the trial court must be remanded. Stafford.
“ ‘This cause is remanded to the trial court with directions that the appellant be permitted to proceed with the prosecution of his petition for post-conviction relief without the payment of any docket fee. However, the circuit court may require the payment of that docket fee if the petitioner is not in fact indigent and the finding of the circuit court to that effect is made a part of the record.’ ”
Stafford, 647 So.2d at 102 (quoting Lucas v. State, 597 So.2d 759, 760 (Ala.Cr.App.1992)) (emphasis original).
If the trial court’s notation in the record was intended to be a denial of the Rule 32 petition, this cause must also be remanded to the trial court. The State did not file a response to the allegations made by the appellant in his Rule 32 petition. A review of the petition shows that it is meritorious on its face, because
“ ‘it contains matters and allegations which, if true, entitle the petitioner to relief.’ Ex parte Boatwright, 471 So.2d 1257 (Ala.1985); Williams v. State, [Ms. CR-93-0067, February 11, 1994] 641 So.2d 1305 (Ala.Crim.App.1994). Therefore, we remand this cause for further proceedings. Before conducting an evidentiary hearing, the trial court may require a response from the State that complies with Rule 32.3. However, ‘if the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.’ Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App.1989); Holland v. State, 621 So.2d 373 (Ala.Crim.App.1993).”
Monroe v. State, 659 So.2d 975 (Ala.Crim.App.1994).
The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 70 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
REMANDED WITH DIRECTIONS.
All the Judges concur.