COBB, Judge.
On March 11, 1999, Jaycee Brown, Jr., was convicted of third-degree burglary, first-degree theft of property, two counts of first-degree robbery, and second-degree receiving stolen property. On April 12, 1999, the trial court sentenced him to serve concurrent prison terms of 5 years, 5 years, 20 years and 22 years, and 3 years, respectively. Brown did not appeal his convictions or sentences.
On November 16, 2000, Brown, acting pro se, filed a Rule 32, Ala. R.Crim. P., petition. Two months later, he filed a motion for an evidentiary hearing. On March 2, 2001, the circuit court, which evidently had no record of Brown’s ever having filed a Rule 32 petition, denied the evidentiary hearing.[1]
On April 20, 2001, Brown, through counsel, filed the present Rule 32 petition and attached a copy of the petition he alleges was filed in November 2000. After the State had responded, the circuit court summarily denied the petition. This appeal followed.
In his petition, Brown raised the following claims: 1) that he is entitled to an out-of-time appeal because his failure to appeal was the fault of his trial counsel; 2) that trial counsel rendered • ineffective assistance when he failed to file an appeal of Brown’s convictions and sentences; 3) that trial counsel rendered ineffective assistance when he allowed Brown to testify against Brown’s parents’ wishes; 4) that *1263 trial counsel rendered ineffective assistance when he failed to request a mental evaluation; 5) that he was denied substantive and procedural due process because the trial court failed to hold a hearing to determine whether he was competent to stand trial; 6) that he was incompetent to stand trial; and 7) that the trial court erroneously allowed his confession to be admitted in that the statement was not knowingly and voluntarily made because he did not have the mental capacity to waive his Miranda[2] rights. Brown filed a substantial amount of evidence in support of his claims, including affidavits, school records, presentence reports, and his trial transcript.
In denying the petition, the circuit court found:
“The Court[,] having reviewed the Petition for Relief from conviction or sentence (Rule 32 Ala.R.Crim.P.) or words of the same effect, and response thereto provided by the District Attorney’s office on behalf of the [S]tate of Alabama, finds that the petition is without merit. The petition is therefore denied and dismissed.”
(R. 64, 85,136,161,185.)
On appeal, Brown claims that the circuit court erred by summarily denying his petition and by failing to “set forth with specificity its ground[s] for such denial.” (Appellant’s brief, p. 9.) The State agrees that this cause “is due to be remanded so that the trial court can enter an order in compliance with Rule 32.9(d).... ” (Appellee’s brief, p. 2.)[3]
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).
Rule 32.7(d), Ala. R.Crim. P., provides for the summary disposition of a Rule 32 petition only
“[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings .... ”
The circuit court properly summarily disposed of Brown’s claim that trial counsel rendered ineffective assistance when he allowed Brown to testify against Brown’s parents’ wishes. The record reveals that trial counsel made it a point to explain Brown’s Fifth Amendment rights both to Brown and to his parents. After that lengthy explanation, Brown chose to testify. Whether Brown’s parents wanted Brown to testify is not the relevant inquiry; whether Brown himself wanted to testify is the issue. Brown chose to testify, and nothing in the record indicates that he was forced or coerced into testifying. Because this contention fails to state a claim upon which relief could be granted, summary disposition was appropriate. Rule 32.7(d).
*1264 Brown’s claim that his confession was involuntary is precluded because Brown could have, but did not, raise it at trial or on appeal. Rule 32.2(a)(8) and (5), Ala. R.Crim. P. See McNair v. State, 706 So.2d 828, 849 (Ala.Crim.App.1997). Because this claim is precluded, the circuit court correctly summarily disposed of it. Rule 32.7(d).
However, the following claims create material issues of fact or law that would entitle Brown to relief if his allegations are, in fact, true:
1) That Brown’s failure to appeal was the fault of his trial counsel;
2) That Brown’s trial counsel rendered ineffective assistance when he failed to appeal Brown’s convictions and sentences; and
3) That trial counsel rendered ineffective assistance when he failed to move for a mental evaluation of Brown.
Moreover, in determining Brown’s claim that his trial counsel was deficient in failing to move for a mental evaluation, the circuit court necessarily will decide Brown’s claims that he was mentally incompetent to stand trial and that the trial court should have held a hearing to determine his competency to stand trial.
Therefore, summary disposition of the claims listed in the paragraph above was in error, and we remand this cause to the circuit court for that court to address those claims. The circuit court shall either conduct an evidentiary hearing addressing those claims that are facially meritorious and make specific findings of fact, Rule 32.9(a) and (d), Ala. R.Crim. P.; “take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentia-ry hearing” and make specific findings of fact, Rule 32.9(a) and (d); or, if the circuit judge has “ ‘personal knowledge of the actual facts underlying the allegations in the petition,’ ” she may summarily deny the petition, but she nonetheless must state her reasons for the denial in a written order, Monroe v. State, 659 So.2d 975, 977 (Ala.Crim.App.1994) (quoting Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App. 1989)). Due return shall be made to this Court within 42 days of the date this opinion is issued.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and SHAW and WISE, JJ., concur. BASCHAB, J., concurs in the result.

. The circuit court’s entry on the case action summary sheet read, "The court finds that no Rule 32 petition has been filed. Motion for Relief is not appropriate as no pleading exists.” (C.R. 63.)

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. On appeal, Brown also attempts to couch some of the substantive claims in his petition in terms of “newly discovered evidence.” See Rule 32.1(e), Ala. R.Crim. P. However, he did not present to the circuit court any claims regarding newly discovered evidence; therefore, he has not preserved this particular claim for appellate review. Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App.1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.”).