WISE, Judge.
On September 24, 1999, the appellant, Mario Stevenson Murph, entered a plea of guilty to the charge of capital murder. After hearing the evidence, a jury found Murph guilty. Pursuant to a plea agreement, the trial court sentenced him to life imprisonment without the possibility of parole. Murph did not appeal his conviction. On October 1, 2001, acting pro se, he filed a Rule 32, Ala.R.Crim.P., petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.
In his petition, Murph, an African-American, claimed that trial counsel had rendered ineffective assistance 1) when he failed to file pretrial motions to dismiss on the grounds that the district court never acquired jurisdiction, that the charges were defective in that he was never properly arrested pursuant to a valid warrant, and that there had been no probable cause determination in district court; 2) when he failed to challenge the indictment based on the accusation that the grand jury foreperson is chosen in a discriminatory fash *292 ion; and 3) when he failed to appeal appellant’s conviction after he was instructed to file a notice of appeal.
In conjunction with his Rule 32 petition, Murph also filed a motion for postconviction discovery. In his motion, Murph asked the court to provide him with 1) a fist of grand jury forepersons from 1980-2000, including information on their ages, races and genders; 2) a copy of the coroner’s inquest in his case; 3) a transcript of the plea colloquy; and 4) the case action summary sheet from his case.
On October 23, 2001, the State filed a response and a motion for summary dismissal of Murph’s Rule 32 petition. In its response, the State argued that his claims were precluded, were not pleaded with the required specificity, lacked merit, and/or were due to be dismissed because no material issue of fact or law exists that would entitle Murph to relief. Additionally, the State filed a substantial amount of evidence in support of its motion for summary dismissal, including a detailed statistical study showing that the selection of the grand jury foreperson is random and not discriminatory. Moreover, the information provided by the State showed that the grand jury foreperson in Murph’s case was African-American. On October 29, 2001, the trial court granted the State’s motion for summary dismissal, stating that the Rule 32 petition was without merit. Murph filed a response to the State’s motion for summary dismissal on October 30, 2001, the day after the trial court denied his petition. In his response, Murph waived issue one of his petition.
On appeal, Murph claims: 1) that the trial court erred by summarily denying his petition without conducting an evidentiary hearing; 2) that the trial court erred in denying his motion for postconviction discovery regarding information about the selection of grand jury forepersons to support his claim that his trial counsel was ineffective for not raising this issue; and 3) that the trial court erred by summarily denying his petition without conducting an evidentiary hearing on the issue whether his counsel was ineffective for failing to file an appeal because this issue was unrefuted by the State.
Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition only
“[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.... ”
The circuit court properly summarily disposed of Murph’s motion for postconviction discovery and his claim regarding ineffective assistance of counsel based on counsel’s failure to challenge the alleged discriminatory selection of the grand jury foreperson. It is settled Alabama law that an appellant must satisfy the two-pronged test outlined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to successfully argue an ineffective assistance of counsel claim. Williams v. State, 480 So.2d 1265 (Ala.Crim.App.1985). The Strickland test requires the appellant prove not only that counsel’s performance was deficient, but that the deficiency prejudiced the appellant. This Court indulges a strong presumption that counsel’s representation was sufficient and did provide the appellant effective assistance. Hallford v. State, 629 So.2d 6 (Ala.Crim.App.1992). After carefully considering his claims, including statistical data from Lee County and evidence that the grand jury foreperson at Murph’s trial was African American, we find that Murph failed to demonstrate that his counsel’s perform- *293 anee was deficient or that he was prejudiced by any alleged deficiency. Murph failed to sufficiently plead facts that would entitle him to relief; consequently, the postconviction discovery motion was correctly denied.
However, it appears, and the State agrees, that Murph’s allegation that his counsel was ineffective for failing to file an appeal after being instructed to do so may be meritorious on its face, because this issue was unrefuted by the State in its response to Murph’s Rule 32 petition. Therefore, we remand this cause to the circuit court in order for it to address this sole allegation of ineffective assistance of counsel. The circuit court shall either conduct an evidentiary hearing addressing this claim and make specific findings of fact, Rule 32.9(a) and (d), Ala.R.Crim.P.; “take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing” and make specific findings of fact, Rule 32.9(a) and (d); or, “ ‘[i]f the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition,’ ” he may summarily deny the petition, but he nonetheless must state his reasons for the denial in a written order, Monroe v. State, 659 So.2d 975, 977 (Ala.Crim.App.1994) (quoting Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App.1989)). Due return shall be made to this Court within 42 days of the date this opinion is issued.
REMANDED WITH DIRECTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.